**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1730-15T4

BARBARA WEINRIB, f/k/a
BARBARA BROTHERS,

    Plaintiff-Respondent,

v.

MAXWELL BROTHERS,

    Defendant-Appellant.

_____

          Submitted March 29, 2017 — Decided September 5, 2017

          Before Judges Simonelli and Carroll.

          On appeal from the Superior Court of New
          Jersey, Chancery Division, Family Part, Mercer
          County, Docket No. FM-11-0501-09.

          Maxwell Brothers, appellant pro se.

          Matthew B. Lun, attorney for respondent.

PER CURIAM

    In this post-judgment matrimonial matter, defendant Maxwell

Brothers appeals from the November 5, 2015 order, which compelled

him to pay fifty percent of the unreimbursed medical expenses for

his son, B.B.,[1] and the child's future educational and extracurricular activities, and denied his requests for make-up parenting time and counsel fees. We affirm in part, and remand in part for further proceedings.

We derive the following facts from the record.[2] Defendant and plaintiff Barbara Weinrib were married in 1999 and divorced in 2010. On July 6, 2010, the parties executed a consent judgment of time sharing and custody (the consent judgment), which granted them joint custody of B.B. and made plaintiff the parent of primary residence, and defendant the parent of alternate residence. The consent judgment also set the parties' parenting time schedule.

On July 15, 2010, the court entered an amended dual final judgment of divorce (ADFJOD), which required each party to pay fifty percent of B.B.'s unreimbursed medical expenses. The ADFJOD also required each party to pay fifty percent of B.B.'s daycare expenses, but was silent as to the child's future educational and extracurricular expenses.

---

[1] Pursuant to Rule 1:38-3, we use initials to identify the child to protect his privacy.

[2] The procedural history and statement of facts in defendant's merit brief are not supported by citation to the appendix, in violation of Rule 2:6-2(a)(4) and (5).

On August 24, 2015, plaintiff filed an emergent application seeking temporary custody of B.B. based on the child's report of defendant's inappropriate conduct. In an August 24, 2015 order, the court granted plaintiff temporary sole residential custody of B.B. and temporarily suspended defendant's parenting time.

On September 8, 2015, defendant filed an emergent application to dissolve the restraints, reinstate his parenting time, and for makeup parenting time for the time that he missed. Defendant also sought counsel fees.

Following a hearing, in a September 16, 2015 order, the court dissolved the restraints, reinstated defendant's parenting time, ordered defendant to have two additional parenting time days, and reserved decision on defendant's request for makeup parenting time and counsel fees. The court made no finding that the issuance of the restraints was inappropriate or unwarranted. The court converted the remaining issues to a motion.

On October 5, 2015, plaintiff filed a motion to enforce the provision of the consent judgment requiring the parties to pay fifty percent of B.B.'s unreimbursed medical expenses. Plaintiff also sought to compel defendant to pay fifty percent of B.B.'s future educational and extracurricular activities, among other things. In his certification in opposition to plaintiff's motion, defendant acknowledged his responsibility to contribute to B.B.'s

unreimbursed medical expenses. Defendant filed a cross-motion seeking additional parenting time, makeup parenting time, and counsel fees, among other things.

In a November 5, 2015 order and written statement of reasons, the court granted plaintiff's motion and denied defendant's cross-motion. The judge found the parties had entered into the consent judgment, and defendant missed parenting time as the result of a court order, not plaintiff's wrongful withholding of parenting time. The court did not find that plaintiff's emergent application seeking temporary custody of B.B. was made in bad faith or was meritless. The judge made no finding regarding the grant of plaintiff's request for an order compelling defendant to pay fifty percent of B.B.'s future educational and extracurricular activities.

On appeal, defendant argues the court erred in requiring him to pay fifty percent of B.B.'s unreimbursed medical expenses and future educational and extracurricular activities, and denying his request for makeup parenting time and counsel fees.

"In our review of a Family Part judge's motion order, we defer to factual findings 'supported by adequate, substantial, credible evidence' in the record." Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "Reversal is warranted when we conclude a

mistake must have been made because the trial court's factual findings are 'manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Ibid. (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "However, when reviewing legal conclusions, our obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Ibid. (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). Applying these standards, we discern no reason to disturb the court's ruling on defendant's obligation to pay fifty percent of B.B.'s unreimbursed medical expenses, and the denial of his request for makeup parenting time and counsel fees.

A consent judgment is both a contract and a judgment. Midland Funding, L.L.C. v. Giambanco, 422 N.J. Super. 301, 310 (App. Div. 2011). A consent judgment is akin to a settlement agreement. In the matrimonial context, a settlement agreement may be modified upon a showing of changed circumstances. Heller-Loren v. Apuzzio, 371 N.J. Super. 518, 535 (App. Div. 2004).

Here, the consent judgment required defendant to pay fifty percent of B.B.'s unreimbursed medical expenses. Defendant never sought to modify the consent judgment and, in fact, acknowledged this obligation in his certification. In addition, the record is

5

devoid of any evidence of changed circumstances that would warrant deviation from the consent judgment. Accordingly, we affirm the court's decision to compel defendant to pay fifty percent of B.B.'s unreimbursed medical expenses.

We affirm the court's denial of defendant's request for counsel fees. An award of counsel fees in matrimonial matters is discretionary. R. 5:3-5(c); Williams v. Williams, 59 N.J. 229, 233 (1971). We will not disturb a counsel fee award absent a showing of "an abuse of discretion involving a clear error in judgment." Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010), aff'd, 208 N.J. 409 (2011); Chestone v. Chestone, 322 N.J. Super. 250, 258 (App. Div. 1999). There was no abuse of discretion here, as the record is devoid of evidence warranting an award of counsel fees to defendant.

We also affirm the court's denial of defendant's request for makeup parenting time for the reasons expressed in the court's written statement of reasons, and because when resolving the restraints, the court gave defendant two additional parenting time days.

We reach a different conclusion as to the court's decision to compel defendant to pay fifty percent of B.B.'s future educational and extracurricular activities. A trial court's obligation to make findings of fact and conclusions of law is

critical to an appellate court's "meaningful review." Ronan v. Adely, 182 N.J. 103, 110-11 (2004). Judges must make findings of fact and conclusions of law "in all actions tried without a jury, on every motion decided by a written order that is appealable as of right[.]" R. 1:7-4. This requires judges to articulate "specific findings of fact and conclusions of law." Pressler & Verniero, Current N.J. Court Rules, comment 1 on R. 1:7-4 (2013). "Naked conclusions are insufficient. A judge must fully and specifically articulate findings of fact and conclusions of law." Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996). If sufficiently clear factual findings are absent from the record, we will reverse and remand to the trial court for additional findings. Curtis v. Finneran, 83 N.J. 563, 571 (1980).

The ADFJOD is silent on the issue of apportionment of B.B.'s future educational and extracurricular expenses. The court made no findings with respect to this issue. We thus remand the matter for the trial court to make specific findings on this issue. See R. 1:7-4.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION