731 A.2d 52 (1999)
322 N.J. Super. 338
Carolus R. SHEREN, Plaintiff-Appellant/ Cross-Respondent,
v.
Eric A. MOSELEY, Defendant-Respondent/ Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 12, 1999.
Decided June 23, 1999.
*53 Carolus R. Sheren, plaintiff-appellant/cross-respondent pro se.
Fadem & Molyneux, Bedminster, for defendant-respondent/cross-appellant (Gregory A. Molyneux, on the brief).
Before Judges MUIR, Jr., KEEFE, and EICHEN.
The opinion of the court was delivered by EICHEN, J.A.D.
Plaintiff appeals from an order granting defendant a credit of $8,952 against his child support arrearages and future support obligations for a retroactive lump sum social security disability benefit paid to his dependent children. We affirm in part and reverse in part.[1]
Plaintiff Carolus R. Sheren and defendant Eric A. Moseley were married on September 5, 1981. Two children were born of the marriage: Amanda Tyler, born June 12, 1985 and James Dunn, born January 31, 1988. On October 21, 1993, the parties were divorced, and a judgment of divorce was entered. As part of his child support obligation, the judgment of divorce required defendant to pay $75 per week for both children, among other expenses. It also provides for "joint legal custody" with "residential custody of [the] children" to be with plaintiff.
As the result of a medical disability, defendant was unemployed and did not pay the child support obligations under the judgment of divorce. On February 21, 1995, the Family Part entered an order fixing defendant's support arrearages at $5,667.82 as of January 1, 1995. Despite his disability and inability to work, defendant did not apply for social security disability benefits until July 1994. Three years later, on September 15, 1997, the Social Security Administration awarded him monthly children's benefits for the period June 1993 through January 1995.[2] The award was in the total amount of $8,952 and was sent to plaintiff as the primary residential custodian of the children.
A threshold issue presented by this appeal is whether defendant's motion for a credit against his child support obligations for the retroactive lump sum social security disability benefits paid to his dependent children implicates the Child Support Guidelines. See R. 5:6A; Pressler, Current N.J. Court Rules, Appendix IX-A-1 (1998). By their express terms, the guidelines only apply in "establish[ing] or modify[ing] child support," R. 5:6A. In seeking this retroactive credit, defendant did not ask the judge to modify the amount of child support he owed, just the source of the payments. Compare Herd v. Herd, 307 N.J.Super. 501, 704 A.2d 1340 (App. Div.1998) (where social security disability payments were ongoing and the supporting parent sought to modify the amount of his support obligations). Whether defendant's motion should trigger application of the guidelines is an issue not previously addressed in any New Jersey decisional law. However, cases from other jurisdictions are instructive.
In Commonwealth, Dep't of Soc. Servs. v. Skeens, 18 Va.App. 154, 442 S.E.2d 432 (1994), the court explained why a supporting parent's request for a credit was different from a demand for modification:
When a trial court grants a credit to a payor parent for Social Security benefits received by his children on account of his disability, the court does not alter the amount of child support that the *54 parent has been ordered or is required to pay. The court simply allows a source of funds, indirectly attributable to a parent, to be used to satisfy the parent's court-ordered support obligation.

[Id. at 435.]
In Brewer v. Brewer, 244 Neb. 731, 509 N.W.2d 10 (1993), the Nebraska Supreme Court similarly observed that "a modification hearing implies a change in the amount of the court's order on behalf of the minor child, and consequently, requires a material change in circumstances. Here,... the only change is the source of that payment." Id. at 17 (citation omitted). Accord Pontbriand v. Pontbriand, 622 A.2d 482, 485 (R.I. 1993). We agree that where a supporting parent's motion for a credit against a child support obligation does not alter the amount of the obligation, no "modification" is implicated as envisioned by the Child Support Guidelines. Therefore, compliance with the Child Support Guidelines was not required.
We next consider whether and to what extent defendant is entitled to a credit against his child support obligations for the retroactive lump sum social security disability payments received by his children. After a careful review of the issue, we conclude defendant was entitled to a credit only against the arrearages accrued during the period of his disability, not against his future child support obligations.
In Potter v. Potter, 169 N.J.Super. 140, 404 A.2d 352 (App.Div.1979), we held that a retroactive lump sum disability payment may serve as a credit for child support arrearages accrued during the supporting parent's disability period. Id. at 149, 404 A.2d 352. The rationale for allowing such a credit is that during the disability period the supporting parent is unable to work and hence the social security payment is considered as "substitutionary for the lost earning power." Ibid. In other words, the disability payments are not "`gratuities' but were earned by the wage earner during his period of employment and ... constitute in effect insurance payments substituting for lost earning power." Id. at 148, 404 A.2d 352.
In Potter, we also stated that the question of whether a supporting parent is entitled to a credit for such a lump sum payment requires an examination of the equities involved in the case. See id. at 149, 404 A.2d 352.
Plaintiff contends it would be inequitable to allow defendant a credit because he had other income from which he could have paid child support. However, she did not challenge defendant's claim of inability to work during the period the arrearages accrued. We also note that the record is silent as to whether defendant had other income sufficient to meet his child support obligation, and whether his failure to provide support was in any way "willful or contumacious" during the period of disability. Id. at 149, 404 A.2d 352. We reject plaintiff's argument that defendant is and was able to meet his child support obligations. Those allegations do not relate factually to the relevant period of his disability (June 1993 through January 1995). In addition, the claim is a mere conclusory accusation unsupported by competent evidential materials. Therefore, we are satisfied the judge properly allowed defendant a credit for that part of the lump sum child dependency payment which represents the arrearages that accrued during the period of his disability. The February 21, 1995 order fixed those arrearages at $5,667.82. Neither party appealed that order. Accordingly, we affirm that aspect of the order that recognizes defendant's entitlement to a credit of $5,667.82 against the arrearages that accrued during his period of disability.
We next turn to the question of whether defendant was entitled to a credit for the remaining $3,284.18 of the lump sum social security child dependency benefits ($8,952.00$5,667.82 = $3,284.18). Defendant contends, and the trial court held, *55 that the difference should be applied to defendant's future child support obligations. No New Jersey case has addressed this specific issue. Notably, the rationale in Potter, supra, 169 N.J.Super. at 149, 404 A.2d 352, for allowing a supporting parent a credit for the period he or she is disabled and unemployed, namely that social security payments are substitutes for lost wages, is not germane to the post-disability period. Indeed, defendant does not contend he was unable to work after January 1995; nor is there any evidence in the record that would support that contention. In fact, his actual disability, as far as the Social Security Administration is concerned, ended in November 1994, although benefits were paid through January 1995.
Other jurisdictions that have considered this question have denied a supporting parent credit for benefits paid to dependent children covering periods of non-disability.
In Potts v. Potts, 240 N.W.2d 680 (Iowa 1976), the court offers a cogent rationale for disallowing a credit beyond the period of disability:
Credit of excess payments against a past or future obligation amounts to an irregular variance of the terms of the decree. It may also frustrate the primary purpose of the social security payments, which is to meet the current needs of the dependents. Ordinarily, a disabled parent should be credited for social security dependency payments only to the extent of his child support obligation during the period such benefits are paid. This will usually cover the period of disability. But in an exceptional case like the present one where a child support arrearage occurred because of a lapse of time between the occurrence of the disability and the commencement of benefit payments, any excess of payments over obligation during the benefit period may fairly be credited against that arrearage. Such credit does not unreasonably vary the decree or divert the social security benefits from their purpose. However, no credit may equitably be given against the parent's obligation after his disability has ended.

[Id. at 682 (citation omitted).]
Accord Andler v. Andler, 217 Kan. 538, 538 P.2d 649, 654 (1975) (stating that the supporting parent "is entitled to a credit... only up to the extent of his obligation for monthly payment of child support, but not exceeding it.... [T]he excess ... must be regarded under the divorce decree as a gratuity to the children."); Children & Youth Servs. v. Chorgo, 341 Pa.Super. 512, 491 A.2d 1374, 1378-79 (1985) (observing that amounts in excess of the support obligation should not be applied prospectively to reduce future support payments because "[i]t would ignore the children's need for regular, periodic support payments"); see also Windham v. State ex rel. Windham, 574 So.2d 853, 855 (Ala.Civ.App.1990); Miller v. Miller, 929 S.W.2d 202, 205 (Ky.Ct.App.1996); Frens v. Frens, 191 Mich.App. 654, 478 N.W.2d 750, 751 (1991); Weaks v. Weaks, 821 S.W.2d 503, 507 (Mo.1991) (en banc) (dictum).
We hold that defendant is not entitled to a retroactive credit for that part of the lump sum social security disability benefit paid to his dependent children which exceeds the amount attributable to the period of his disability ($3,284.18). That amount belongs to his dependent children even though it exceeds the amount of child support ordered in the judgment of divorce. Potts, supra, 240 N.W.2d at 682; Children & Youth Servs. v. Chorgo, supra, 491 A.2d at 1378-79. Allowing a credit to defendant for future support when he is no longer disabled would frustrate the primary purpose of social security disability payments for dependent children which is to meet the "current needs of the dependents" in "regular, periodic installments." Although the children here will receive more than the judgment of divorce required defendant to pay as child support, such a result is equitable. At the time of *56 the divorce, defendant was already disabled. It is fairly inferable from this record that the $75 per week child support awarded in the judgment of divorce did not meet the children's actual needs at that time; but whether it did or did not, we perceive no inequity in allowing them the excess as a "gratuity."
Accordingly, we affirm that part of the order that allowed defendant a credit for the period during which he was disabled and unemployed. We reverse the order to the extent it gave defendant a credit against his future child support obligations.
NOTES
[1] We have truncated this opinion for publication purposes, deleting those portions which do not present novel issues.
[2] The Social Security Administration recognized defendant's disability through November 1994, but paid benefits until January 1995.