913 A.2d 803 (2006)
389 N.J. Super. 443
Nicholas DIEHL, Plaintiff-Respondent,
v.
Beverly DIEHL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 11, 2006.
Decided December 21, 2006.
*804 Charles C. Berkeley, Brick, attorney for appellant.
Lucas & McGoughran, attorneys for respondent (Stephanie Canas Hunnell, on the brief).
Before Judges SKILLMAN, LISA and GRALL.
The opinion of the court was delivered by
*805 GRALL, J.A.D.
Defendant Beverly Diehl appeals from a post-judgment order entered on plaintiff Nicholas Diehl's application to modify his support obligations under their final judgment of divorce.[1] The judge determined that plaintiff was disabled, awarded him counsel fees and costs, reduced his support obligations retroactively and gave him a credit for overpayments. The credits against future support include a credit for a lump sum, retroactive payment of social security disability (SSD) benefits, which the Diehls' child received after her eighteenth birthday.
Defendant claims the trial court erred in awarding the credit for SSD benefits. We conclude: (1) a credit for weeks during which plaintiff had no court-ordered support obligation is not equitable; (2) a credit for the period during which plaintiff was required to pay support at the level set in the final judgment is equitable, Sheren v. Moseley, 322 N.J.Super. 338, 731 A.2d 52 (App.Div.1999); and (3) a credit for benefits paid for weeks during which plaintiff was charged with support at a reduced level was neither equitable nor consistent with the child support guidelines, R. 5:6A; Child Support Guidelines, Pressler, Current N.J. Court Rules, Appendix IX-B to R. 5:6A at 2255 (2007).
Defendant also claims error based on the award of counsel fees. Because the award is based predominantly on the trial court's view of the merits of the case, we conclude that our disposition requires modification of the counsel fee award. See Chestone v. Chestone, 322 N.J.Super. 250, 259, 730 A.2d 890 (App.Div.1999).
The relevant facts are not in dispute. Plaintiff and defendant were married on October 19, 1975. Their only child was born on June 24, 1986. Plaintiff was injured on July 19, 2002. The parties subsequently divorced, and the final judgment requires plaintiff to pay weekly alimony of $82 and child support of $180 per week effective January 1, 2003. At the time of the divorce, plaintiff was receiving worker's compensation benefits. Although the judgment requires him to pay additional alimony after returning to work, it does not provide for increased child support.
Plaintiff did not return to work. On February 20, 2003, he applied for SSD benefits. He also filed a civil action to recover damages for his personal injuries. On April 26, 2003, he moved to terminate alimony and modify child support.
Plaintiff settled his civil litigation for $47,550 in June 2004. From that settlement, defendant received $15,807 for alimony and child support and plaintiff received $626.46. The remaining funds were disbursed to pay a worker's compensation lien, a loan against the settlement and the costs of the personal injury litigation.
On March 5, 2005, plaintiff was awarded SSD benefits retroactive to July 19, 2002, the date of his injury. On June 24, 2005, the Diehls' child received a lump sum payment of retroactive SSD benefits in the amount of $11,611. The benefit was for a period of approximately 101 weeks between July 19, 2002 and June 25, 2004, the date of the child's eighteenth birthday. The weekly benefit was approximately $115.
The child resides with her mother and attends college. Plaintiff's SSD benefit is $1239 per month, $14,868 per year. Defendant's *806 current income is $50,390 per year.
The judge terminated alimony effective February 20, 2003. Based on current income and the child support guidelines, the judge reduced child support from $180 to $52 per week retroactive to April 26, 2003. The judge did not consider the retroactive payment of SSD benefits to the child after that date in calculating the reduced child support amount. Instead, the judge awarded plaintiff a credit equivalent to the entire $11,611 benefit. The judge also awarded a credit of $15,807 for funds paid to defendant from plaintiff's civil settlement and $1744 due to plaintiff under a prior court order. Defendant challenges only the credit for SSD benefits.

I.
When child support is established or modified at a time when the parent is disabled and the amount of the child's SSD benefit is known, the child support guidelines incorporated in Rule 5:6A allocate the credit for that benefit. See Child Support Guidelines, supra, Appendix IX-B to R. 5:6A at 2255. No additional credit for SSD benefits paid for the period covered by a child support order that accounts for such benefits is appropriate, absent a showing of good cause for deviation from the guidelines. R. 5:6A. The question of an equitable credit arises when the child support obligation was fixed prior to the disability and does not account for the SSD benefit paid to the child.
This court has discussed previously the general principles that govern an award of credit for SSD benefits paid to a child against a disabled parent's child support obligation. We have held that the propriety of a credit depends upon the equities of the case. See Sheren, supra, 322 N.J.Super. at 341-44, 731 A.2d 52; Potter v. Potter, 169 N.J.Super. 140, 148-49, 404 A.2d 352 (App.Div.1979).
The source and purpose of SSD benefits for dependents are relevant to the equities. Sheren, supra, 322 N.J.Super. at 341-42, 731 A.2d 52; Potter, supra, 169 N.J.Super. at 148-49, 404 A.2d 352. SSD benefits are based upon the disabled worker's contributions to social security and serve as a substitute for his or her "lost earning power" during the period of disability. Potter, supra, 169 N.J.Super. at 148, 404 A.2d 352. The child's benefit is intended to meet current needs. Sheren, supra, 322 N.J.Super. at 343, 344, 731 A.2d 52 (quoting Potts v. Potts, 240 N.W.2d 680, 682 (Iowa 1976)). Although SSD benefits are paid on account of the parent's efforts and substitute for support the parent cannot earn, the benefits belong to the child. Ibid.
On the basis of the foregoing considerations, courts generally "have been receptive to the claim of credit, at least where credit is sought against support obligations contemporaneous with benefit payments." Michael A. DiSabatino, Annotation, Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child, 34 A.L.R. 5th 447 § 2a (1995). Absent specific evidence of the disabled parent's ability to pay, retroactive payments of SSD benefits that are equivalent to or less than a support obligation are deemed to substitute for support and are applied to reduce arrears that accumulated during the period of disability. See Sheren, supra, 322 N.J.Super. at 341-44, 731 A.2d 52; Potter, supra, 169 N.J.Super. at 145-48, 404 A.2d 352. Retroactive payments, however, are not applied to reduce arrears that accrued before the disabilitya time when the parent had the capacity to pay and no need to substitute SSD benefits for earnings. Frens v. *807 Frens, 191 Mich.App. 654, 478 N.W.2d 750, 751 (1991). Nor are SSD benefits that were paid at a rate that exceeds the parent's support obligation fully credited against arrears or future support; the excess is deemed a "gratuity" to the child. See Sheren, supra, 322 N.J.Super. at 344, 731 A.2d 52 (and cases cited therein).
Although the question of credit for disability benefits paid to a child generally arises in the context of a credit against arrears, arrears are not a prerequisite to a credit. See Orr v. Orr, 871 S.W.2d 695, 696 (Tenn.Ct.App.1993). It would be inequitable and poor policy to deny a credit against future support to a parent who takes a loan to meet a child support obligation but give a credit to a parent who simply ignores the obligation and accumulates arrears. When a credit against future support is denied, it is because SSD benefits were paid at a rate greater than the obligation not because there are no arrears. See Sheren, supra, 322 N.J.Super. at 344, 731 A.2d 52 (holding that benefits in excess of the support obligation could not be credited against future support). Absent a special showing of inequity under the circumstances, an obligor should be credited with a retroactive payment of SSD benefits that do not exceed the obligor's support obligation during the benefit period.
In this case the question of credits for retroactive benefits is complicated because plaintiff's support obligation changed during the benefit period. The $11,611 benefit covered the period of approximately 101 weeks between July 19, 2002, the date of plaintiff's disability, and June 25, 2004, the date of the child's eighteenth birthday. Plaintiff had three different support obligations during that benefit period.
During the first twenty-three weeks of the benefit period, plaintiff had no court-ordered support obligation. The judgment of divorce imposes that obligation effective January 1, 2003. This portion of the benefit belongs to the child as a substitution for any support that was not provided because of the parent's disability. Accordingly, plaintiff is not entitled to a credit for SSD benefits paid for weeks prior to January 1, 2003.
The portion of the benefits paid for the seventeen-week period commencing with January 1, 2003 and ending April 25, 2003, must be viewed differently. Although the trial judge reduced child support from $180 to $52 per week effective April 26, 2003, from January 1 through April 25, 2003, plaintiff was obligated to pay child support at a level above his capacity to earn.[2] The determination of plaintiff's disability is prima facie evidence of his inability to pursue gainful employment. Golian v. Golian, 344 N.J.Super. 337, 342-43, 781 A.2d 1112 (App.Div.2001). There is no evidence that plaintiff had sufficient assets to compel denial of a credit on equitable grounds. To the contrary, there is evidence that he borrowed to cover his expenses and was required to repay the worker's compensation benefits he received. Moreover, the SSD benefit of $115 per week did not exceed plaintiff's $180 weekly child support obligation. Accordingly, it is equitable to award a credit equivalent to the SSD benefits paid from January 1 to April 25, 2003. The amount is $1955.
Because plaintiff's support obligation was reduced retroactive to April 26, 2003, the propriety of a credit for benefits *808 paid for days after that date presents different issues. The equities are altered when child support is reduced to a level appropriate in light of the obligor's diminished earning capacity. More important, when child support is modified retroactively at a time when the benefit amount paid to the child is known, the credit issue must be addressed in accordance with the child support guidelines. See Child Support Guidelines, supra, Appendix IX-B to R. 5:6A at 2255 (explaining the calculation); cf. Sheren, supra, 322 N.J.Super. at 340-41, 731 A.2d 52 (reviewing a case in which support was not modified retroactively and the only question was the appropriate credit). Absent a showing of good cause for deviation, a judge establishing or modifying child support must apply the guidelines. R. 5:6A; Burns v. Edwards, 367 N.J.Super. 29, 45-46, 842 A.2d 186 (App.Div.2004).
There is no question that retroactive reduction of child support was appropriate in this case. The judge applied the rebuttable presumption of diminished earning capacity recognized in Golian, supra, 344 N.J.Super. at 342-43, 781 A.2d 1112, and limited the retroactivity of the modification to the date of plaintiff's first motion for modification, N.J.S.A. 2A:17-56.23a. The judge based the reduced child support obligation on plaintiff's disability benefits and defendant's earnings. See Child Support Guidelines, supra, Appendix IX-B to R. 5:6A at 2242. Those determinations were proper in all respects and are not challenged on appeal.
The error was in disregarding the SSD benefits paid to the child. Pursuant to Appendix IX-B, SSD benefits paid to the child must be deducted from the basic child support amount, which is calculated based on the parties' combined net income. Id. at 2255. The basic child support amount, reduced by the SSD benefits paid for the child, is then allocated between the parents in accordance with each party's respective share of the combined net income. Adjusted in accordance with Appendix IX-B, plaintiff's child support obligation for the period commencing April 26, 2003 and ending June 25, 2004, is $23 per week, not $52 per week.[3] That adjusted child support amount fully accounts for all parental credits for SSD benefits paid for that period.
In short, when SSD benefits paid to the child are considered in calculating child support, no further credit is permitted absent a showing of good cause for deviation from the guidelines. See R. 5:6A. Because neither party demonstrated good cause for deviating from the guidelines' treatment of benefits paid for the period commencing April 26, 2003 and ending June 25, 2004, no further credit is due.
Because SSD benefits for the child terminated at her eighteenth birthday on June 25, 2004, support from that date forward is $52 per week. In addition to that support, the judge's order permits defendant to seek additional payments for the cost of the child's education and for unreimbursed medical expenses.

II.
The judge required defendant to pay 100% of the counsel fees and costs *809 that plaintiff incurred following the remand from this court, $7,429.55. The order provides for payment by way of an additional credit against plaintiff's future support obligation. Defendant contends that the judge abused his discretion.
The judge explained that the award was based on a consideration of the factors specified in Rule 5:3-5, Rule 4:42-9, Williams v. Williams, 59 N.J. 229, 233, 281 A.2d 273 (1971) and N.J.S.A. 2A:34-23. The judge found "that the predominant or determinative factor [in setting the amount was] . . . the bad faith demonstrated by the defendant Beverly Diehl after the remand by the Appellate Division. . . ." The judge referenced defendant's unwillingness to resolve the issues, her delay in disclosing the SSD benefits paid to the child and her initial reluctance to acknowledge plaintiff's disability, which she no longer contested at the time of the hearing.
Defendant's success on this appeal requires a modification of the award because it was based predominantly on a mistaken view of the merits of the positions defendant asserted. Ordinarily we would remand for reconsideration of the order in light of the results on appeal. In this case, however, the record is adequate to permit us to exercise original jurisdiction "in order to conclude this litigation" without further expense to the litigants. See Chestone, supra, 322 N.J.Super. at 260, 730 A.2d 890; R. 2:10-5. Our review of the record, the trial judge's findings about the parties' respective income and his finding that the fees and costs plaintiff incurred were reasonable (which is implicit in the statement of reasons for the award), permit us to decide the issue.
A comparison of the fees and costs and the amount in controversy is relevant to the reasonableness of the litigation expense. Id. at 256-58, 730 A.2d 890. There is no gross disproportion that warrants a finding that the expense plaintiff incurred was unreasonable in light of the amount in controversy. The credits at issue in this proceeding exceeded $26,000. The fee was less than $8000.
The financial circumstances of the parties and their respective ability to pay fees are relevant to an award of counsel fees and favor a modest award for plaintiff. See R. 5:3-5(c)(1)-(2); N.J.S.A. 2A:34-23. After both parents' present obligations for child support are considered, plaintiff has net income of $188 per week and defendant has net income of $560 per week. While defendant's income is greater than plaintiff's, it is not sufficient to warrant the conclusion that she can easily pay plaintiff's fees and her own.
The reasonableness and good faith of the positions asserted, the results obtained and litigation conduct are also relevant and do not weigh in favor of an award for plaintiff. See R. 5:3-5(c)(3), (7), (8). The question of credit for SSD benefits was not so simple or clear cut as to warrant a finding of bad faith or unreasonableness on the part of either party. The ultimate result on that issue, a credit of $1955 rather than $11,611, was more favorable to defendant than plaintiff. On the other hand, plaintiff prevailed on the question of credit for his settlement. There is no evidence that plaintiff incurred fees to enforce court orders or obtain discovery.
To the extent that the trial judge suggested that failure to settle this litigation would be considered in assessing fees, we disapprove of that approach. Bad faith and assertion of an unreasonable position is properly considered in awarding a counsel fee, but failure to settle disputed claims is not in itself a permissible consideration in assessing a fee.
Rule 5:3-5(c)(9) permits a court to consider other factors "bearing on the fairness *810 of" a counsel fee award in a particular case. The significant period of time during which defendant was required to support the parties' child without substantial assistance is relevant to fairness in this case and weighs in favor of defendant.
Weighing these factors, we conclude defendant's contribution to plaintiff's fee should be reduced to $1000.

III.
The following summarizes our determinations regarding modification of support and credit. The orders of November 3, 2005 and September 12, 2003 are vacated.[4]
Plaintiff's support obligations are as follows: commencing January 1 and terminating February 20, 2003, plaintiff's alimony obligation is $82 per week; commencing January 1 and ending April 25, 2003, plaintiff's child support obligation is $180 per week; commencing April 26, 2003 and ending June 25, 2004, plaintiff's child support obligation is $23 per week; and commencing June 26, 2004, plaintiff's child support obligation is $52 per week.
Plaintiff is entitled to credits against his support obligation as follows: $1000 for counsel fees; $1955 for SSD benefits paid to the child for the period beginning January 1, 2003 and ending April 25, 2003; $15,807 paid to defendant from the proceeds of plaintiff's settlement; and any other payment plaintiff made to probation.
As previously ordered by the trial judge, the balance of any credit due plaintiff shall be applied to his future support obligation and defendant may apply to the trial judge for additional contributions for medical expenses and college costs.
Reversed in part, affirmed in part and remanded for an order consistent with this decision.
NOTES
[1] We previously determined that plaintiff made a prima facie showing of changed circumstances and remanded the matter for further proceedings in accordance with Lepis v. Lepis, 83 N.J. 139, 157-58, 416 A.2d 45 (1980). Diehl v. Diehl, No. A-2425-03 (App. Div. Mar. 18, 2005).
[2] Because the property settlement agreement contemplated an increase in alimony but not child support when plaintiff returned to work, it is reasonable to assume that the child support amount was set in accordance with plaintiff's prior earnings.
[3] The calculation required by the guidelines is as follows. The total basic support amount based on the parties' respective net income is $208 per week. Because plaintiff's net income is twenty-five percent of the parents' combined net income, he is responsible for twenty-five percent of $208, or $52. For the period starting on April 26, 2003 and ending on June 25, 2004, however, the total basic amount, $208, was required to be reduced further by the $115 social security benefit paid to the child. The benefit-adjusted basic amount is $93 per week. Plaintiff's twenty-five percent share of $93 is $23 per week.
[4] Because this decision modifies support and directs probation to adjust its records accordingly, the $1744 credit included in the order of September 12, 2003 must be vacated.