**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1075-17T1

DEIRDRE R. SCOTT,

     Plaintiff-Respondent,

v.

MALANEY HILL,

     Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided October 10, 2018

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-7095-03.

Hegge & Confusione, LLC, attorneys for appellant (Michael J. Confusione, of counsel and on the brief).

Law Office of Harriet Raghnal, attorneys for respondent (April C. Bauknight, of counsel and on the brief; Harriet E. Rahgnal, on the brief).

PER CURIAM

Defendant Malaney Hill appeals from that portion of a September 21, 2017 Family Part order denying his motion for a credit against his child support arrearages for claimed payments made toward his child support obligation. Because we are convinced the court erred by determining N.J.S.A. 2A:17-56.23a barred its consideration of defendant's claim for a credit against certain child support arrearages for payments he caused to be made to his child from his social security retirement benefits, we vacate the court's order denying defendant's credit request and remand for further proceedings on that issue, and affirm the remaining portions of the order.[1]

---

[1] We affirm those portions of the order modifying defendant's child support obligation to $32 per week and requiring that his payments be made through probation because he does not challenge those portions of the order on appeal. An issue not briefed on appeal is deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008). We also do not address plaintiff's contention that the court erred by modifying defendant's child support obligation without requiring a forensic audit of defendant's finances, and by failing to make findings of fact concerning defendant's ability to pay, because plaintiff did not cross-appeal from the court's order. See Mondelli v. State Farm Mut. Ins. Co., 102 N.J. 167, 170 (1986) (finding that where defendants did not file a cross-appeal, the court's review was "confined to the sole issue raised on plaintiff's appeal").

A-1075-17T1

## I.

The pertinent facts are not disputed. Plaintiff Deirdre R. Scott and defendant have a son, who was born in 2000. In 2015, the court considered a probation department application for enforcement of defendant's child support obligation, and entered an order directing that defendant pay $140 per week in child support and $10 per week toward his arrears, which then totaled $560. By 2017, defendant's child support obligation had increased to $143 per week.[2]

On August 11, 2017, defendant filed a motion seeking modification of his support obligation and an award of credits toward his child support arrears. At the hearing on the motion, defendant testified he retired in 2015, and thereafter his income was limited to $1415 per month in social security retirement benefits. He arranged to have the Social Security Administration deduct $689 from his monthly benefit and send it directly to his son. Defendant and plaintiff testified the child had received the $689 each month since January 2016.[3] As a result of

---

[2] Child support orders are subject to automatic biennial cost-of-living adjustments. See R. 5:6B(a); Burns v. Edwards, 367 N.J. Super. 29, 34 (App. Div. 2004).

[3] Defendant also explained that he made arrangements with the Social Security Administration to make the monthly payments to his son commencing in 2015 and that, although $689 was deducted from defendant's monthly benefits in 2015, no payments were sent to the child during that year. Defendant testified

A-1075-17T1

the deduction of the $689 from defendant's monthly retirement benefit, he directly receives only $726 per month in social security retirement benefits.

Defendant further testified that from January 2016 through April 2017, he also paid $153 per week in child support and arrears payments in accordance with the 2015 child support order. During that period, defendant paid the full amount of his court-ordered child support and contribution toward his arrears, and also made provision for the child to receive the monthly $689 payment from defendant's social security benefits. It therefore appears defendant did not accumulate any additional child support arrears during this time.

The record shows that beginning in approximately May 2017,[4] however, defendant became financially unable to make the monthly $153 child support and arrears payment pursuant to the court's 2015 order, and stopped doing so. Thereafter, the child received only $689 per month from defendant's social

---

there was a pending appeal concerning the sums that were deducted in 2015 from his benefit, but never paid to the child. In any event, we need not consider the issue because defendant does not request a credit for any sums that were deducted from his social security benefits in 2015.

[4] The record does not include the precise date defendant ceased making the court-ordered child support and arrearage payments. On remand, the court shall be required to determine the date defendant ceased making the court-ordered child support to assess defendant's entitlement, if any, to a credit for the child's receipt of a portion of defendant's social security retirement benefit.

security benefits. Thus, commencing in approximately May 2017, defendant began accumulating child support arrears at the rate of $143 per week. At the time of the September 19, 2017 hearing on defendant's modification motion, the court determined his child support arrears totaled $3561.23.

At the hearing, the court determined defendant's retirement and subsequent receipt of income limited to social security retirement benefits constituted changed circumstances warranting modification of his child support obligation. The court reviewed income information supplied by the parties and testimony concerning the costs for their son's medical and dental insurance, made adjustments for the child's ongoing receipt of $689 per month from defendant's social security retirement benefits, and modified defendant's child support obligation by reducing it to $32 per week effective August 11, 2017, the filing date for his modification motion.

Defendant also sought a credit against his child support arrears based on the child's receipt of $689 per month commencing in January 2016. The court found "[defendant] is entitled to a credit . . . for the government benefit that he has set aside on the child's behalf," and observed defendant could have "collect[ed] those benefits and [paid] the child support[,]" but instead had the monies "diverted by [S]ocial [S]ecurity directly for the benefit of the child."

A-1075-17T1

The court, however, determined defendant was not entitled to a credit against arrears that accrued prior to the August 11, 2017 filing date of his modification motion. The court found it was barred by the "anti-arrearage" statute, N.J.S.A. 2A:17-56.23a, from providing defendant with a credit against the arrears for the social security benefits paid to the child prior to the motion filing date. The court concluded defendant was entitled to a credit against his child support arrears, but only in the amount equal to the difference between the social security benefits paid to the child following the motion filing date and the amount of child support that was otherwise due during that period.

The court entered a September 21, 2017 order[5] finding defendant's child support arrears were $3561.23, modifying defendant's child support obligation to $32 per week effective August 11, 2017, and directing that defendant pay $18 per week toward his arrears.[6] This appeal followed.

---

[5] The September 21, 2017 order from which defendant appeals is an amended order. The original order, which was entered by the court on September 19, 2017, "did not include text due to a computer error."

[6] The court roughly estimated that the $689 monthly benefit paid to the child represented a $160 weekly payment. The court further estimated that from the August 11, 2017 motion filing date to the September 19, 2017 hearing date, the child received a total of approximately $500 from defendant's social security retirement benefits. The court left the final calculation of the credit to the probation department, but determined defendant is entitled to a credit against his

We owe no special deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). A reviewing court is compelled to reverse if the trial court abused its discretion, failed to consider all the controlling legal principles, or reached a determination that "could not reasonably have been reached on sufficient credible evidence present in the record after considering the proofs as a whole." Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996).

Defendant contends he is entitled to a credit against his child support arrears for the $689 monthly sums that were paid to his son from his social security retirement benefits prior to the August 11, 2017 filing of his modification motion. Defendant argues the court erred by finding N.J.S.A. 2A:17-56.23a barred the award of a credit against the child support arrears accruing prior to the August 11 filing date. He also argues that because the total of the $689 monthly payments to his son from his social security benefits

---

child support arrearages for the social security payments the child received following the filing of the modification motion.

exceeds the sums he otherwise owed for child support, he is entitled to a credit against his future child support obligations.

N.J.S.A. 2A:17-56.23a prohibits retroactive modification of child support and child support arrearages. <u>Keegan v. Keegan</u>, 326 N.J. Super. 289, 293 (App. Div. 1999). In pertinent part, the statute provides:

> No payment or installment of an order for child support, or those portions of an order which are allocated for child support established prior to or subsequent to the effective date of P.L.1993, c. 45 (C.2A:17-56.23a), shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent.
>
> [N.J.S.A. 2A:17-56.23a.]

Prior to the statute's enactment, "New Jersey adhered to the 'practice where retroactive modification of support and vacation of arrearages on equitable principles were long permitted.'" <u>Keegan</u>, 326 N.J. Super. at 293 (quoting <u>Bowens v. Bowens</u>, 286 N.J. Super. 70, 72 (App. Div. 1995)). The statute "was designed to comply with" the federal Omnibus Budget Reconciliation Act of 1986, 42 U.S.C. § 666(a)(9)(C), which mandates that "as a condition of receiving federal funding for collection of child support arrearages, states must conform with various federal standards governing child

support." Bowens, 286 N.J. Super. at 71. "Those requirements include that child support obligations may not be subject to retroactive modification on and after the date that they are due." Mahoney v. Pennell, 285 N.J. Super. 638, 642 (App. Div. 1995); accord Bowens, 286 N.J. Super. at 71-72. 42 U.S.C. § 666(a)(9)(C)'s prohibition against retroactive modification of child support obligations was included in the legislation "to prohibit the retroactive modification of child support arrearages." Keegan, 326 N.J. Super. at 293 (citing 132 Cong. Rec. S5303-04 (daily ed. May 5, 1986)).

The statute permits retroactive modifications of child support arrears only for the time "during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent." N.J.S.A. 2A:17-56.23a. The statute "was enacted to [ensure] that on-going support obligations that became due were paid." Mahoney, 285 N.J. Super. at 643. Thus, for example, "[a] change of circumstances, such as loss of a job, could . . . not be used as a basis to modify retroactively arrearages which already accrued under a child support order." Ibid.

However, in Diehl v. Diehl, 389 N.J. Super. 443, 449 (App. Div. 2006), we determined that an obligor parent is entitled to a credit against child support

arrears that accumulated "contemporaneous with [social security disability] benefit payments" made to a child. We found that the trial court correctly "limited the retroactivity of the modification [of the obligor parent's child support obligation] to the date of [his] first motion for modification," but concluded that there was "no question that retroactive reduction of child support was appropriate" because there was "error . . . in disregarding the [social security disability] benefits paid to the child." Id. at 452. We relied on the Child Support Guidelines, which require that social security disability benefits "paid to the child must be deducted from the basic child support amount." Ibid.

The propriety and extent "of a credit depends upon the equities of the case" and are subject to limitations. Id. at 449. Thus, "[a]bsent specific evidence of the [obligor] parent's ability to pay, retroactive payments of [social security disability] benefits that are equivalent to or less than a support obligation are deemed a substitute for support and are applied to reduce arrears that accumulated during the period" of disability covered by the benefit payments. Ibid.; accord Sheren v. Moseley, 322 N.J. Super. 338, 341-44 (App. Div. 1999). An award of retroactive social security disability benefits to a child may not be credited "to reduce arrears that accrued prior to the disability" because that is "a time when the parent had the capacity to pay [child support] and no need to

substitute [social security disability] for earnings." Diehl, 389 N.J. Super. at 450. In addition, the amount of benefits paid to the child that exceed "the parent's support obligation" cannot be "fully credited against arrears or future support" because "the excess is deemed a 'gratuity' to the child." Ibid.; see also Sheren, 322 N.J. Super. at 344.

The principles underlying our decision in Diehl apply equally to the circumstances presented here. For purposes of determining a parent's child support obligation, a child's receipt of a portion of a parent's social security retirement benefits is treated in the same manner as the receipt of a social security disability benefit. The Child Support Guidelines provide that social security retirement benefits, like social security disability benefits, are deducted from a parent's government benefit and paid to a child as "derivative benefits" "that are meant to replace the lost earnings of the parent in the event of . . . retirement." Pressler & Verniero, Current New Jersey Court Rules, Appendix IX-A to R. 5:6A para. 10(c)(2) at www.gannlaw.com (2018). The Guidelines further provide that such benefits paid to the child "shall be counted in the weekly net income of the parent whose contribution is the source of the benefits and applied as a credit to that parent's child support obligation." Ibid. (emphasis added).

A-1075-17T1

We are therefore convinced the court erred by determining N.J.S.A. 2A:17-56.23a barred the award of a credit against defendant's child support arrears for the amounts paid to the child from defendant's social security retirement benefits. Calculation of the appropriate credit is dependent upon the equities, Diehl, 389 N.J. Super. at 449, and requires analysis of the different time periods during which the child support arrears were accumulated, defendant's ability to otherwise pay child support during those periods, and the amounts of child support otherwise due and social security retirement benefits paid during those periods. See, e.g., Labrosciano v. Labrosciano, 426 N.J. Super. 252, 259-62 (Ch. Div. 2011) (discussing differing standards for award of credits for lump sum retroactive social security disability benefits to a disabled parent's child based on various circumstances).

For example, defendant is not entitled to a credit against any child support arrears that accumulated prior to the child's receipt of defendant's social security retirement benefit because defendant was not retired then, and presumably otherwise had the ability to earn sufficient income to pay the court-ordered support obligation. See Diehl, 389 N.J. Super. at 450. In addition, defendant is not entitled to a credit for social security benefits the child received from January 2016, through that time in May 2017 when defendant ceased making

12

the full court-ordered child support payments[7] because defendant otherwise made all of his child support payments during that time, and the social security benefits therefore constituted a "gratuity." Id. at 450; see also Sheren, 322 N.J. Super. at 344 (holding obligor parent is not entitled to a retroactive credit for the portion of a lump sum social security disability benefit paid to a child that is in excess of the child support obligation during the period of the parent's disability because "that amount belongs to" the child as a "gratuity"). Moreover, defendant is not entitled to any credit against future child support obligations for the child's receipt of his social security retirement benefit. Diehl, 389 N.J. Super. at 450; Sheren, 322 N.J. Super. at 344.

On remand, the court shall therefore consider defendant's entitlement to a credit against child support arrears that accumulated following his discontinuance of his child support payments in approximately May 2017, and prior to the filing of his modification motion, based on the child's receipt of the $689 per month in defendant's social security retirement benefits during that time. The court shall consider the equities in accordance with the principles and limitations established in Diehl and based on the evidence and circumstances

---

[7] As noted in footnote 4, supra, the record does not reveal the precise date defendant ceased making the court-ordered child support payments.

A-1075-17T1

presented, and decide defendant's entitlement, if any, to a credit for the social security retirement benefits the child received during that time. The court shall do so unconstrained by N.J.S.A. 2A:17-56.23a because "[i]n seeking this retroactive credit, defendant [does] not ask the judge to modify the amount of child support he owed, just the source of the payments." Sheren, 322 N.J. Super. at 340.

Affirmed in part, vacated in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION