**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3904-16T4

C.S.,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

L.S.,

      Defendant-Respondent/
      Cross-Appellant.

_____

Submitted July 23, 2018 – Decided November 9, 2018

Before Judges Whipple and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0385-14.

Hegge & Confusione, LLC, attorneys for appellant/cross-respondent (Michael J. Confusione, of counsel and on the brief).

Mullen Law, LLC, attorneys for respondent/cross-appellant (Mitchell L. Mullen and Giovanna Lombardo, of counsel and on the brief).

PER CURIAM

Plaintiff, C.S., appeals portions of the April 6, 2017 Family Part Order that denied her requests to modify alimony and attorney's fees. She also argues the court erred by not conducting a hearing to determine a parenting schedule to ameliorate violations of the parties' marital settlement agreement (MSA). Defendant, L.S., cross-appeals the attorney fee portion of the April 6, 2017 order that denied his request for attorney's fees. We affirm the April 6, 2017 order.

Plaintiff and defendant were married in 1992 and have two children: L.S. now is nineteen and J.S. is seventeen. Defendant, a physician, accepted employment in Georgia that commenced in September 2013, and the family moved there. Shortly after, plaintiff returned to New Jersey. She filed for divorce on October 1, 2013. The children remained with defendant in Georgia.

Their final judgment of divorce, entered on April 28, 2016, incorporated the parties' MSA.[1] Relevant here, section III-A of the MSA provided they were to share joint legal custody of the children, who were to continue to reside in Georgia. They expressly agreed in section III-B not "to enter into a formal parenting time schedule at this time[,]" but agreed to establish a schedule that

---

[1] Plaintiff, plaintiff's guardian and defendant signed the MSA. The guardianship order was not provided in the appendix nor do we know the reason for its entry, except for reference in the March 2017 transcript to a mental health issue.

"is mutually agreeable." They agreed to implement an "open door policy," meaning that they could request to see the children on forty-eight hours notice to the other parent. The MSA expressed they were "confident that they will be able to work out a schedule" for holidays and summers.

Section III-C of the MSA provided that "[t]o the extent possible, and after conferring with one another, all major decisions concerning the health, safety, religion, education and welfare of the children shall be jointly made." The parties agreed in section III-F to "exert every reasonable effort to maintain free access and unhampered contact between the children and the other party and to foster a feeling of affection between the children and the other party." That section further provided "[n]either party shall do anything which may estrange the children from the other party or injure their opinion as to their mother or father . . . ."

Under section IV-B of the MSA, defendant agreed to pay plaintiff $10,000 per month in open durational alimony. Section III-N provided that plaintiff "agreed to accept a lower spousal support award in exchange for [defendant] agreeing to pay for 100% of the children's child support/expenses and college costs." As such, the parties agreed "no child support would be paid from one

party to the other." Once the children were emancipated, the alimony amount would automatically increase to $12,000 per month.

Defendant agreed in section III-M to "be solely responsible for any and all of the costs and fees associated with the children's activity expenses." They also agreed in section III-S, with respect to college costs and expenses incurred by the children, that these would be defendant's "sole responsibility." If this provision of the MSA were challenged or altered, it provided that plaintiff had the "right" to re-open other areas of the MSA. The parties agreed, however, "that the college selection process is one which requires the participation and cooperation of both parties."

In December 2016, plaintiff filed a motion in the Family Part to enforce litigant's rights and for other relief, claiming defendant had violated various portions of the MSA. She contended that defendant violated section III, paragraphs M, N, and S of the MSA by not paying costs and fees for the children's activities, clothes, or travel opportunities and by not permitting them to look at or consider colleges outside of the State of Georgia. She asserted defendant violated section III-C by failing to confer with her on major decisions related to their children's health, education, and well-being. She alleged defendant permitted their daughter to take the Gardasil vaccine, tint her

eyebrows and receive eyelash extensions, and to enroll for a pre-SAT exam, all without consultation with plaintiff. Additionally, she claimed defendant declined to pay for their son to go to Cuba for Spring Break with his school and that he would not let her take part in their children's college selection process. Plaintiff also alleged defendant violated the Children's Bill of Rights [2] by discussing their litigation with the children and by failing to facilitate a relationship between her and the children. Plaintiff requested a finding that defendant violated section III, paragraphs C, M, N, and S of the MSA, sanctions of $1000 for each future violation of paragraph C and the Children's Bill of Rights, an increase in alimony because defendant failed to pay all of the children's expenses, and an award of attorney's fees.

In February 2017, defendant filed a cross-motion requesting sole custody of the children, restraining plaintiff from harassing him and the children, ordering plaintiff to undergo a mental health evaluation, ordering plaintiff to provide proof she had life insurance as required in the MSA and ordering

---

[2] "The Children's Bill of Rights' is an order, widely used in divorce matters by the Family Part in the southern vicinages. The order lists twelve principles applicable to custody disputes, including that the children would not be asked to 'chose sides' between the parties, not be told about the court proceedings, not be told 'bad things' about the other parent and 'not to be made to feel guilty for loving both parents.'" <u>Div. of Youth & Family Servs. v. J.D.</u>, 417 N.J. Super. 1, 11 n.4 (App. Div. 2010).

plaintiff to pay his attorney's fees. He argued that he and plaintiff could no longer co-parent the children because of her demands, harassment, and paranoia.

Following oral argument, the Family Part judge entered the April 6, 2017 order. We recount only so much of the order that relates to the issues the parties have appealed.

The trial court found defendant violated section III-C of the MSA that required him to confer with plaintiff on major decisions about the children's health, safety, religion, education, and welfare. Defendant admitted that he allowed their daughter to be vaccinated with Gardasil and to tint her eyebrows without first consulting plaintiff. The court ordered defendant to comply with the MSA and sanctions of $250 for any future violations of paragraph C.

The court also found defendant violated section III, paragraphs M, N, and S, of the MSA, which required defendant to be solely responsible for all costs and fees associated with the children's activities, clothing, expenses, and college costs. This was based on plaintiff's contention that at times she purchased new clothes for the children, defendant asked her to contribute to a school trip to Cuba that their son decided not to take, and defendant wanted the children to consider only in-state colleges to save on college costs and expenses. The court ordered, consistent with the MSA, that plaintiff was to be involved with the

children's college selection process, and that the process was not limited to colleges in Georgia.

The court also granted plaintiff's request for an order that defendant violated the Children's Bill of Rights "for repeatedly discussing this litigation with the children and failing to facilitate a relationship between the [p]laintiff and the children." Both parties were ordered to comply with the Children's Bill of Rights.

The court denied plaintiff's request to increase defendant's alimony obligation. It denied both parties' request for attorney's fees, giving consideration to Rule 4:42, Rule 5:3-5 and Williams v. Williams, 59 N.J. 229, 233 (1971). It also denied defendant's request for sole custody of the children, because he had not shown a "prima facie substantial change in circumstances." The court considered defendant's arguments about the inability to co-parent and plaintiff's harassing contacts, concluding this did not "warrant a change in custody at this time."

On appeal, plaintiff argues the Family Part judge erred by not ordering a remedy to ameliorate violations of the MSA. She alleges the court should have ordered an evidentiary hearing and then evaluated the best interests of the children under factors set forth in N.J.S.A. 9:2-4(c). She also contends the court

should have modified defendant's alimony obligation and ordered him to pay her attorney's fees for her motion.

Defendant cross-appeals only the part of the April 6, 2017 order that denied his request for attorney's fees. However, defendant's brief in support of his cross-appeal did not address that issue. Based on that omission, we conclude defendant has waived this issue. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in a party's merits brief are deemed abandoned). See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

We accord "great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citations omitted), in recognition of the "family courts' special jurisdiction and expertise in family matters." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Plaintiff contends that because it found the MSA was violated, it should have ordered an evidentiary hearing to establish a parenting time schedule or some "ameliorative action to help restore and renew the mother-child bond." However, plaintiff did not request a hearing or an order for a parenting time schedule. The only relief she requested was monetary sanctions. We "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959). Plaintiff had the opportunity to request other forms of relief, but having failed to do so, we decline to address this argument.

We agree that the record did not show a change of circumstances warranting a modification of alimony. We review applications for modification of alimony for abuse of discretion. See Rolnick v. Rolnick, 262 N.J. Super. 343, 360 (App. Div. 1993). Alimony should only be modified based upon changed circumstances and each application for modification or termination "rests upon its own particular footing." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 536 (App. Div. 2015) (citing Martindell v. Martindell, 21 N.J. 341, 355 (1956));

see also Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006). Although the court found sections III-M and N were violated, the record did not support more than an occasional request for contribution from plaintiff. This did not support a change in alimony.

Plaintiff contends the court erred by denying her request for an award of attorney's fees because it failed to consider the factors under Rule 5:3-5. We review a trial court's determination regarding attorney's fees for abuse of discretion and such determinations are generally not disturbed absent a clear error in judgment. Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008); Mason v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005); Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010) (citing Chestone v. Chestone, 322 N.J. Super. 250, 258 (App. Div. 1999) (superseded by statute)). We find no misapplication of the court's discretion here, where the court's reference to the factors indicates their consideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3904-16T4