730 A.2d 890 (1999)
Albert CHESTONE, Plaintiff-Appellant,
v.
Rose CHESTONE, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted April 20, 1999.
Decided June 17, 1999.
*891 Randall, Randall & Stevens, Westwood, for plaintiff-appellant (James R. Stevens, on the brief).
Liebowitz & Liebowitz, Englewood, for defendant-respondent (William C. Rindone, Jr., of counsel and on the brief).
Before Judges PRESSLER, KLEINER and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
Plaintiff Albert F. Chestone appeals the award of counsel fees entered by the trial judge in favor of defendant Rose E. Chestone. We affirm in part and reverse in part.
Plaintiff and defendant were married on February 8, 1988. This was a second marriage for each party. At the time of the marriage plaintiff was sixty-six-years of age and had been retired as an FBI agent since 1980. Defendant was employed by Bell Atlantic.
Prior to the marriage, the parties entered into a pre-nuptial agreement. Under the terms of the agreement each party agreed to accept the provisions of any last will and testament either then in existence or thereafter made in full satisfaction of any claim they might have in each other's estate or property. In addition, the agreement provided that any asset owned by either party as of the date of the marriage would remain their separate property.
In January 1990, plaintiff designated defendant as the survivor annuitant of his pension, and his benefits were reduced accordingly. The parties separated on June 24, 1992, after four years of marriage, and ultimately plaintiff filed a complaint for divorce and defendant filed a counter-claim also seeking a divorce. The parties were able to agree on some of the issues, limiting the issues for trial to (1) defendant's claim that she should be entitled to remain as the designated survivor annuitant on plaintiff's pension and (2) defendant's demand that her counsel fees and accountant fees be paid by plaintiff. The trial judge concluded that plaintiff *892 must continue to name defendant as the designated survivor annuitant on plaintiff's pension and awarded defendant $12,000 counsel fees and $861 as reimbursement for accounting fees.
Plaintiff appealed and we reversed concluding that under the Supremacy Clause of the United States Constitution, U.S. Const. Art. 6, cl. 2, state law was preempted by federal law and that federal law prevented plaintiff from maintaining defendant as the survival beneficiary of his pension after divorce. See Chestone v. Chestone, 285 N.J.Super. 453, 667 A.2d 371 (App.Div.1995). Because of the concern that the trial judge might have awarded counsel fees predicated upon an erroneous conclusion as to plaintiff's income, we also reversed the award of counsel fees and remanded that issue for reconsideration. See Chestone, supra, 285 N.J.Super. at 468, 667 A.2d 371.
On remand, the parties agreed to permit the trial judge to decide the issue of counsel fees on the papers without testimony. The trial judge considered the respective income and assets of the parties and reaffirmed his initial determination that plaintiff was in "an overall better position" to contribute to defendant's legal fees. However, he concluded that his initial award of $12,000 was excessive and reduced it to $6,000.
Plaintiff and defendant each requested an award of counsel fees for the remand proceedings. However, plaintiff requested a brief hearing to allow him to further explain his allegations concerning business losses. Although defendant objected to the hearing, the trial judge agreed to permit plaintiff to explain his income and alleged business expenses. The hearing took approximately one-half of a trial day. The trial judge disbelieved plaintiff's testimony regarding his alleged business losses and concluded that plaintiff had a greater ability to pay counsel fees than defendant. The trial judge further concluded that plaintiff had acted in bad faith in prosecuting and defending the application for counsel fees in light of his lack of candor. Accordingly, plaintiff's application for counsel fees was denied, and the trial judge awarded defendant $17,500 as counsel fees for the remand proceedings.
On this appeal plaintiff argues that (1) the trial judge abused his discretion in awarding defendant counsel fees for trial services and that the amount awarded was a mistaken exercise of discretion; and (2) the trial judge abused his discretion in awarding $17,5000 counsel fees to defendant for the remand proceedings.
We initially observe that in his notice of appeal plaintiff states he is appealing from the order of May 6, 1998, which is the award of counsel fees for the remand proceedings. Moreover, in his case information statement he states that the appeal concerns the award of remand counsel fees. Neither the notice of appeal nor the case information statement refer to the award of $6,000 for counsel fees incurred in the divorce proceedings that precipitated the first appeal. Plaintiff never moved to amend the notice of appeal or case information statement. Accordingly, the propriety of the award of counsel fees to defendant for legal services rendered in connection with the trial and the amount awarded is not properly before us. See Sikes v. Township of Rockaway, 269 N.J.Super. 463, 465-66, 635 A.2d 1004 (App.Div.), aff'd o.b., 138 N.J. 41, 648 A.2d 482 (1994). Nevertheless, for the sake of completeness, we have carefully considered the record, the briefs filed, and the applicable law and conclude that the trial judge did not mistakenly exercise his discretion in awarding defendant counsel fees of $6,000 in the divorce proceedings. See R. 4:42-9(a)(1); N.J.S.A. 2A:34-23; and Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971).
N.J.S.A. 2A:34-23 authorizes an award of counsel fees in a matrimonial action and further requires the judge to "consider the factors set forth in the court rule on counsel fees, the financial circumstances of *893 the parties, and the good faith or bad faith of either party". R. 4:42-9(a)(1) permits the court, in its discretion, in a family action, to make an allowance for legal fees. An application for an allowance of counsel fees must be supported by an affidavit of services addressing the factors enumerated by Rules of Professional Conduct 1.5(a)(R.P.C. 1.5(a)). R. 4:42-9(b).[1]
R.P.C. 1.5 provides, in pertinent part, as follows:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) Whether the fee is fixed or contingent.
In considering whether to award counsel fees in a family action the judge must consider the following factors: (1) the party requesting the award must be in financial need; (2) the party against whom the award is to be assessed must have the financial ability to pay; and (3) where the first two factors have been established, the good faith of the party seeking counsel fees in instituting or defending the action. Williams, supra, 59 N.J. at 233, 281 A.2d 273. Although Darmanin v. Darmanin, 224 N.J.Super. 427, 431, 540 A.2d 913 (App.Div.1988) held that the good faith of the party against whom counsel fees are being assessed may not be taken into consideration, the Legislature quickly amended N.J.S.A. 2A:34-3 to provide that on counsel fee applications the court shall consider, in addition to the final circumstances of the parties, "the good faith or bad faith of either party". (Emphasis added.) This statutory amendment was obviously in response to the holding of Darmanin, supra and clearly authorizes a trial judge, in considering the third factor to also take into consideration the good faith or bad faith of the party against whom counsel fees are to be assessed. See Kothari v. Kothari, 255 N.J.Super. 500, 513, 605 A.2d 750 (App.Div.1992). Where a party, by virtue of his or her need, seeks to compel the other party to pay all or part of counsel fees incurred, only those fees that represent reasonable compensation for such legal services performed and were reasonably necessary in the prosecution or defense of the litigation may be awarded. Mayer v. Mayer, 180 N.J.Super. 164, 169, 434 A.2d 614 (App.Div.), certif. denied, 88 N.J. 494, 443 A.2d 709 (1981). While the initial focus may appropriately be directed to the time expended in pursuing the litigation, that is only one of the factors to be considered. Argila v. Argila, 256 N.J.Super. 484, 492, 607 A.2d 675 (App.Div.1992). The fee should not be fixed simply by taking the total time assertedly expended by counsel and by multiplying the total number of hours by the charges fixed in a retainer agreement made between the requesting party and counsel, to which charges the adverse party never consented or agreed. Mayer, supra, 180 N.J.Super. at 169, 434 A.2d 614. In reviewing the *894 requested allowance, the judge must critically review the nature and extent of the services rendered, the complexity and difficulty of the issues determined, and the reasonableness and necessity of the time spent by counsel in rendering the legal services. Ibid.; Jobe v. Jobe, 197 N.J.Super. 596, 603, 485 A.2d 1059 (App.Div. 1984). In matrimonial actions, more so than most other areas in which counsel fees are awarded, the expenditure of attorney time is of less importance. Argila, supra, 256 N.J.Super. at 493, 607 A.2d 675. In addition, success is not a prerequisite for an award of counsel fees. Guglielmo v. Guglielmo, 253 N.J.Super. 531, 545, 602 A.2d 741 (App.Div.1992). Although not a prerequisite, success or the result obtained, however, is a factor that may be considered. R.P.C. 1.5(a)(4).
Applying these principles of law to the facts before us we conclude that the award of $17,500 counsel fees for the remand proceedings was excessive and must be vacated. We recognize that the award of counsel fees in a matrimonial action is discretionary with the trial court and an exercise thereof will not be disturbed in an absence of a showing of abuse. Berkowitz v. Berkowitz, 55 N.J. 564, 570, 264 A.2d 49 (1970). Nevertheless, we conclude that the fees awarded were so wide of the mark as to constitute a mistaken exercise of discretion.
The initial trial was limited to the issues of whether defendant was entitled to remain as the designated survivor annuitant on plaintiff's pension, and her request for counsel fees and expert fees. The marriage, a second marriage for each, was of short duration. The counsel fees incurred by defendant for the trial were $16,387.17. Plaintiff appealed the initial trial court determination successfully. Defendant incurred $19,000 counsel fees in connection with that appeal. The appeal resulted in a remand strictly limited to a reconsideration of the award of $12,000 counsel fees to defendant. For the remand proceedings, which involved defendant's attempt to preserve the $12,000 counsel fee previously awarded to her, the judge conceded that the initial counsel fee may have been erroneous and reduced the award to $6,000. Therefore, plaintiff was partially successful on the remand proceedings. In those proceedings defendant incurred additional counsel fees of $25,533.30. (We observe that plaintiff's counsel fees for the same remand proceedings were $7,449.75.) The fee incurred and the fee awarded is grossly disproportionate to the amount in dispute. After all, the amount in dispute was $12,000 yet plaintiff was required to pay $17,500 while at the same time successfully reducing the amount initially awarded to $6,000. We conclude that the amount sought and the amount awarded were not reasonable and were not reasonably necessary in the prosecution or defense of the litigation. See Mayer, supra, 180 N.J.Super. at 169, 434 A.2d 614.
This is not the first time this term we have been confronted with a request for counsel fees that are grossly disproportionate to the amount in controversy. We recognize that the nature of family litigation sometimes causes the litigants to become emotionally involved. Unfortunately, on occasion, the emotional involvement leads to acrimony. When those two factors are present the parties, on occasion, permit their emotions and acrimony to predominate over reason. The attorney, on the other hand, must be detached from emotion and acrimony. The responsibility of an attorney is to be more than an advocate. The attorney must also be a counsellor, to counsel and provide sound legal advice to his or her client unaffected by emotion or acrimony. When an attorney sees that protracted litigation will be economically unfeasible due to the issues or amount in dispute and can reasonably foresee that anticipated counsel fees are disproportionate to the amount in dispute, or exceed it, the attorney is obliged to communicate that fact to the client. The client is permitted to make an economically unwise decision. However, that decision *895 should be an informed one after receiving sound legal advice from the attorney as to whether the continuation of the litigation, or that facet of the litigation, is economically wise. Although the client may choose to make an economically unwise decision, that decision may not be at the expense of the adversary. The judge concluded that plaintiff acted in bad faith in the litigation because he was not candid in his testimony on the remand proceedings. See N.J.S.A. 2A:34-23; Kothari, supra, 255 N.J.Super. at 513, 605 A.2d 750. The judge had the benefit of observing the parties testify and his findings of fact are supported by adequate, substantial and credible evidence. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974). Accordingly, we defer to those findings. Nevertheless, those findings do not permit the trial judge to punish plaintiff by an award of counsel fees which is grossly disproportionate to the amount in dispute.
We cannot discern from this record whether counsel advised defendant that the fees incurred were grossly disproportionate to the amount in dispute. Nor can we discern from this record whether plaintiff made an informed choice to proceed. However, we can conclude from this record that the fee assessed against plaintiff, considering the issues involved and the amount in dispute, are unreasonable and must be vacated.
These proceedings must end. This matter is before us for the second time challenging an award of counsel fees. We will not remand for a hearing on counsel fees so that the parties can spend more money in attorneys' fees to determine what those fees should have been in the first place. Jacobitti v. Jacobitti, 263 N.J.Super. 608, 619, 623 A.2d 794 (App. Div.), certif. denied and certif. granted in part, 134 N.J. 481, 634 A.2d 528, aff'd, 135 N.J. 571, 641 A.2d 535 (1994). This is one of those rare instances where we should invoke our original jurisdiction pursuant to R. 2:10-5 in order to conclude this litigation. We have carefully considered the record, the briefs filed, the applicable law, the affidavit of services, the issues involved, and the amount in dispute and conclude that an appropriate award of counsel fees to defendant for the remand proceedings is $2000.00
Affirmed in part, reversed in part for the entry of an order consistent with this opinion.
NOTES
[1] We note that allowance of counsel fees in civil family actions is now governed by R. 5:3-5(c), which is expressly made subject to R. 4:42-9(b), (c) and (d). We decide this case based upon the rules in effect at the time the judge awarded counsel fees. In any event, the disposition would be the same.