**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1522-15T2
                     A-2113-15T2

ROONEY SAHAI,

      Plaintiff-Appellant,

v.

SUSAN SAHAI,

      Defendant-Respondent.

_____

        Submitted September 13, 2018 – Decided October 2, 2018

        Before Judges Koblitz, Currier and Mayer.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-2051-12.

        Rooney Sahai, appellant pro se.

        Marcia K. Werner, attorney for respondent.

PER CURIAM

Rooney and Susan Sahai[1] were married in 1986, divorced in 2012 and have three adult children. They incorporated a Property Settlement Agreement (PSA) into the divorce judgment, which provided for no parenting time for Susan with her severely disabled adult child, Kaye. In July 2014, Susan sought parenting time with Kaye, claiming she had been coerced by her husband into signing the PSA. From Kaye's birth in 1993 until August 2012, Susan and Rooney cared for her with the help of an aide.

After Susan's application to vacate the PSA, Rooney was sanctioned and ordered to pay Susan's counsel fees for his failure to comply with court-ordered visitation, as well as his failure to provide financial discovery. His applications for reconsideration of these orders and to disqualify Susan's counsel were denied. He appeals from the $20,000 in sanctions and approximately $10,198 in counsel fees awarded. We consolidated defendant's two appeals by order on October 17, 2016 and, after reviewing the record in light of the contentions advanced on appeal, we affirm.

After Susan moved to set aside the PSA, the court on September 16, 2014 ordered a plenary hearing to occur in January 2015. Pending that hearing, the

---

[1] We refer to the parties by their first names to avoid confusion and intend no disrespect.

court ordered a one-hour visit for Susan with Kaye at the library with Kaye's medical assistant present. That ordered visit did not occur. In December 2014, the court again ordered a visit at the library. Two months later, the court signed a consent order, which provided for three one-hour visits at the local public library, agreed to because the previous visit had not taken place due to Kaye's health issue. When Rooney did not comply with any of the three agreed-upon visits, the court entered a May 29, 2015 order: (1) denying Susan's motion to incarcerate Rooney pending the completion of three visits; (2) ordering visitation at Susan's home with an aide present on two specific dates; and (3) providing for sanctions of $10,000 for each failure by Rooney to comply with the upcoming visitation. Rooney did not bring Kaye to either visit with her mother.

On August 27, 2015, Rooney was sanctioned $20,000 for violating the court's May 29 order and Susan's counsel was awarded $4504.16 in counsel fees. Rooney appeals both the sanction and the counsel fee award. Rooney was also ordered to provide more responsive answers to discovery requests, which he failed to do.[2]

---

[2] Rooney sued defense counsel in the Law Division, BER-L-6208-15. That suit was dismissed with prejudice on November 6, 2015. Rooney also initiated a criminal complaint against Susan, which the Bergen County Prosecutor

On October 22, 2015, the court awarded Susan additional counsel fees of $4003.35 after denying Rooney's application to disqualify Susan's counsel. Rooney appeals the counsel fee award, but does not brief the attorney disqualification issue and we therefore deem it abandoned and do not address it. See Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:6-2 (2018); Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011).

Rooney's motion for reconsideration of the court's August 27, 2015 order imposing sanctions and counsel fees was denied on October 26, 2015. In A-1522-15, Rooney appealed from this October 26 order denying reconsideration on December 8, 2015.[3] He did not appeal the underlying August 27 order. We determined that the October 26 order was appealable as final by order of March 31, 2016.

On January 14, 2016, the court denied Rooney's motion for reconsideration of the October 22, 2015 order granting counsel fees and granted

_____

administratively terminated on August 16, 2016. Rooney also filed a complaint, Civil Action No. 15-6364 (ES) (MAH), against Susan's counsel in federal court, which was later dismissed on December 19, 2016.

[3] Although Rooney's appeal of the denial of reconsideration was twelve days late, Rules 2:4-1(a) and 2:4-3(b), we nonetheless exercise our discretion and consider the merits. R. 2:4-4(a).

Susan additional counsel fees of $1690.35. Rooney then filed a second appeal, A-2113-15, appealing the October 22, 2015 and January 14, 2016 orders, both awarding counsel fees. We determined that these orders were final by order of April 4, 2016. Susan's counsel informs us that the plenary hearing regarding the PSA awaits our decision.

I.

We first review the general applicable legal principles. Reconsideration is only warranted when "(1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

We review the denial of a motion for reconsideration under an abuse of discretion standard. Matter of Estate of Brown, 448 N.J. Super. 252, 268 (App. Div. 2017). "While the abuse of discretion standard defies precise definition, an appellate court may find an abuse of discretion when a decision rests on an impermissible basis or was based upon a consideration of irrelevant or inappropriate factors." State v. Steele, 430 N.J. Super. 24, 28 (App. Div. 2013).

The assessment of attorney's fees is left to the sound discretion of the trial court, Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010), and is also reviewed by this court under an abuse of discretion standard.   Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 443-44 (2001).  An award of fees, generally, is not disturbed unless the award was "so wide of the mark as to constitute a mistaken exercise of discretion."  Chestone v. Chestone, 322 N.J. Super. 250, 258 (App. Div. 1999).

In considering an application for counsel fees, the trial court should consider:

> (1) The financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of the award.
>
> [R. 5:3.5(c).]

As long as there is support for the determination, the trial court's factual findings will not be disturbed whether or not every factor is discussed.  See Reese v. Weis, 430 N.J. Super. 552, 586 (App. Div. 2013) (upholding the trial

court's award of attorney's fees because, although not every factor was specifically addressed, "the judge recited the support for her determination").

We defer to the trial court's findings of fact and the conclusions of law that are based on those findings. New Jersey Div. of Youth & Family Services v. G.L., 191 N.J. 596, 605 (2007). Deference is given here especially because of "the family courts' special jurisdiction and expertise in family matters." Cesare v. Cesare, 154 N.J. 394, 413 (1998).

We also defer to the trial court because it had the opportunity to "make first-hand credibility judgments" and to gain a "feel of the case" over time, thus supporting a level of factual familiarity that cannot be duplicated by an appellate court reviewing a written record. New Jersey Div. of Youth and Family Services v. E.P., 196 N.J. 88, 104 (2008).

II.

Rooney argues that the $20,000 sanction for two missed visits is "abusive, arbitrary, capricious, excessive, and punitive." He argues he cannot afford the sanctions and that his actions were not willful. Citing Pasqua v. Council, 186 N.J. 127, 133 (2006), he argues, "a party is entitled to an ability to pay hearing before being sanctioned, especially with regard to support matters." An ability-to-pay hearing examines a person's present financial wherewithal to pay his or

her extant support obligations. See R. 5:25-3(c)(2). Indeed, prior to incarceration Rooney would be entitled to such a hearing. Pasqua, 186 N.J. at 141 n.2; Schochet v. Schochet, 435 N.J. Super. 542, 548 (App. Div. 2014).

"The sanction, while in an amount sufficient to sting and force compliance . . . must not be so excessive as to constitute ruinous punishment." Franklin Tp. Bd. of Educ. v. Quakertown Educ. Ass'n, 274 N.J. Super. 47, 56 (App. Div. 1994). "In imposing the sanction, the court must consider 'the offending party's ability to pay and the sanction's impact on that party in light of its income, status and objectives, as well as the sanction's impact on innocent third parties.'" Ibid. (quoting E. Brunswick Bd. of Educ. v. E. Brunswick Educ. Ass'n, 235 N.J. Super. 417, 422 (App. Div. 1989)).

Rooney, however, failed to comply with financial discovery. He is therefore in an untenable position arguing he is unable to afford sanctions or counsel fees. The court said to Rooney, "Frankly . . . I don't find your testimony credible about your financial circumstances and your ability to pay. . . . [I]f you're not providing information regarding your own financial situation as part of discovery, then I can make a reasonable inference on that that you're either attempting to hide money or you're attempting to mislead the [c]ourt as to your own financial situation."

8                                                        A-1522-15T2

Rooney's willfulness is evident in the numerous visitation orders, including a consent order, which he ignored. Medical assistance for his daughter was a part of the brief visitations, ordered to take place in a neutral setting. He was warned by court order of the financial ramification of his noncooperation. Rule 5:3-7(a) provides nine remedies in connection with the violation of orders relating to parenting time, including the authority for the court to impose economic sanctions.

Rooney characterizes the court's grant of attorney's fees as a "naked conclusion." The court reviewed its counsel fee award at Rooney's request and took "into account all the relevant competent [evidence]" before him, noting that his ruling "was not based upon a palpably incorrect or irrational basis." With respect to the January 14, 2016 counsel fee award the court stated:

> Counsel also request[s] counsel fees to defend this motion in the amount of $1,650. . . . Counsel has supplied an affidavit of services pursuant to Rule 4:42-9(b). The affidavit of services must state that the fee is reasonable and support that assertion by providing the information set forth in [RPC] 1.5(a).

The court then listed the factors in the rule.

This court is obliged to accord deference to the trial court's credibility determinations. Cesare, 154 N.J. at 412. Such deference is appropriate because the trial court has "a feel of the case" and is in the best position to "make first-

hand credibility judgments about the witnesses who appear on the stand." E.P., 196 N.J. at 104. Consequently, when this court concludes there is satisfactory evidentiary support for the trial court's findings, "its task is complete and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal." Beck v. Beck, 86 N.J. 480, 496 (1981) (quoting State v. Johnson, 42 N.J. 146, 161-62 (1964)).

Here, the Family Court had extensive litigation experience with the parties and made reasonable evaluations of their credibility and behavior. The court was extraordinarily patient with Rooney, who, when not representing himself, was represented by a series of capable counsel before the court. His obstructionist litigation has resulted in years of delay for the ordered hearing on Susan's application to vacate the PSA.

Deference should be afforded to the trial court's factual findings regarding Rooney's willful non-compliance, his ability to pay, and the reasonableness of counsel fees, all of which are supported by substantial credible evidence in the record. The imposition of sanctions and attorney's fees was a reasonable exercise of judicial discretion. Any remaining issues raised by Rooney are without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1522-15T2