**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5013-18T1

KATHERINE WILK,

     Plaintiff-Respondent,

v.

JOHN WILK,

     Defendant-Appellant.

_____

Submitted January 12, 2021 — Decided January 28, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-2757-16.

Ziegler, Zemsky & Resnick, attorneys for appellant (Steven M. Resnick and Elizabeth D. Burke, on the briefs).

Weinberger Divorce & Family Law Group, LLC, attorneys for respondent (Richard A. Outhwaite, on the brief).

Defendant John Wilk appeals from a June 7, 2019 order awarding plaintiff Katherine Wilk $40,000 in counsel fees arising from the parties' divorce matter. We vacate the award and remand for further findings consistent with this opinion.

We glean the following facts from the record. The parties were married for eighteen years when plaintiff filed her complaint for divorce in 2016. The parties had one child who was adult, thereby leaving the issues of alimony, equitable distribution, and counsel fees to be resolved. Defendant was the breadwinner and plaintiff the homemaker. Plaintiff had counsel throughout the divorce matter and defendant was self-represented.

The parties appeared for trial on February 7, 2018, but represented to the trial judge they settled the matter. In court, they prepared a handwritten term sheet reflecting the settlement, which was marked as a joint exhibit. It provided defendant would pay plaintiff $40,000 per year in open duration alimony, and equitable distribution of defendant's pension and thrift plan, marital bank accounts, and the former marital residence. During the hearing, plaintiff asked about the life insurance defendant would carry to insure his alimony obligation. Plaintiff's counsel acknowledged the term sheet did not address the issue and stated: "We need to do some life insurance to secure ([i]ndiscernable), but

obviously we have to work out what that number is." Furthermore, the parties agreed plaintiff's counsel would submit a certification of services for the judge to determine counsel fees and defendant would have the opportunity to respond and oppose the award of counsel fees as well as challenge the $25,000 in fees paid to plaintiff pendente lite.

Thereafter, each party provided testimony confirming they entered into the settlement agreement voluntarily. They agreed plaintiff's counsel would prepare a property settlement agreement, transmit it to defendant, and the parties would appear for an uncontested divorce hearing a week later.

The parties returned to court on February 15, 2018, without a written property settlement agreement. The judge prepared a judgment of divorce to which she attached the February 7 joint exhibit reflecting the settlement, and divorced the parties.

Post-judgment, plaintiff filed a motion to address the life insurance and counsel fee issues, which a different judge heard. On February 21, 2019, the motion judge entered a three-paragraph order and statement of reasons explaining why she scheduled a plenary hearing to address the life insurance issue. The remainder of the order stated:

> 2. Plaintiff's application for counsel fees pursuant to the parties' Marital Settlement Agreement is hereby

designated to be decided by [the trial judge], who presided over the dissolution of the parties' marriage.

3. Upon the decision of [the trial judge] regarding the outstanding issue of counsel fees during the pendency of this action, this [c]ourt shall decide the request for counsel fees for the [post-judgment m]otion and [c]ross-[m]otion.

On August 1, 2018, plaintiff's counsel submitted a certification of services addressing the Rule 5:3-5(c) and RPC 1.5(a) factors for an award of fees. Counsel certified plaintiff incurred a total of $80,694.34 in counsel fees and costs and sought an award in that amount. Defendant retained counsel who opposed the request.

The trial judge issued the June 7, 2019 order accompanied by a five-page statement of reasons in which she addressed the Rule 5:3-5(c) and the RPC 1.5(a) factors.[1] Regarding Rule 5:3-5(c), the judge's findings were as follows:

> i. **Factors One (1) & Two (2): Financial Circumstances Of The Parties & The Ability Of The Parties To Pay Their Own Counsel Fees Or To Contribute To The Fees Of The Other Party:**
>
> Plaintiff is not employed, and has not earned an income for the entire marriage. During the marriage, [d]efendant provided the financial support for the family. However, it is not clear as to why [p]laintiff

---

[1] We do not recite the judge's findings under the RPC 1.5(a) factors because they are either repetitive of her analysis of the Rule 5:3-5(c) factors or unrelated to the arguments raised on this appeal.

made few apparent efforts to contribute to her support, particularly once she commenced this action. Pursuant to [a] March 18, 2018 [pendente lite o]rder, [d]efendant is required to pay alimony to [p]laintiff in the biweekly amount of $[1538.46] via wage garnishment. She will be receiving $150,000[] in equitable distribution for her [fifty percent] interest in the parties' home. Defendant has carried all of the parties' shelter expenses and contributed nearly entirely to the college costs of the parties' daughter. Plaintiff has paid little, if anything.

Defendant is an Environmental Scientist with the Environmental Protection Agency ("EPA"). [In] 2017 . . . he earned approximately $116,000[]. In prior years, he supplemented his EPA income by earning income as a driver for Uber and Lyft . . . earn[ing] $22,694[]. . . . Defendant chose to represent himself in this matter and, thus, incurred no counsel fees. However, the court finds that his choice to be self-represented may have extended, rather than shortened this litigation. Although he is clearly an intelligent man, the [d]efendant exhibited a naiveté about the legal process. Conversely, [p]laintiff took some intransigent positions and failed to make efforts to contribute to her own support. Both parties seemed strategically to reduce their abilities to earn incomes for purposes of this litigation.

ii. **Factor Number Three (3): The Reasonableness and Good Faith Of The Positions Advanced By The Parties:**

As stated above, both parties reduced their efforts to earn during the litigation. Plaintiff, an educated woman whose only child is in college, argued that she was completely dependent on [d]efendant. The [c]ourt finds that this was, in part, unfairly self-created. On the other hand, the [d]efendant appears to have reduced his

5

outside income in 2017, with no obvious reason. He also took some economically threatening actions during the divorce matter, likely meant to force [p]laintiff to capitulate to his demands. This resulted in motion practice made more difficult because [d]efendant chose to be self-represented. The court found both parties, at times to be unreasonable in their positions.

Plaintiff was forced to file a [n]otice of [m]otion to compel [d]efendant to provide discovery, which the [c]ourt granted.

### iii. **Factor Four (4): The Extent of Fees Incurred By Both Parties:**

Plaintiff has incurred counsel fees in the amount of $79,039[] to date in connection with matter.

### iv. **Factor Five (5): Any Fees Previously Awarded:**

Pursuant to the [c]ourt's November 4, 2016 [pendente lite o]rder, [d]efendant was directed to obtain a home equity line of credit against the former marital residence in the amount of $100,000[]. Each party was permitted to withdraw $10,000[] for counsel fees without prejudice and subject to reallocation at the time of trial. . . . Defendant furnished plaintiff's former counsel with $10,000[] towards [p]laintiff's counsel fees.

Pursuant to [p]aragraph 4 of [a] July 24, 2017 [pendente lite o]rder, each party was permitted to withdraw an additional $15,000[] from said home equity line of credit to be applied to litigation costs without prejudice. . . . Consequently, [d]efendant furnished [plaintiff's counsel] with the sum of $15,000[] towards [p]laintiff's counsel fees.

###### v. Factor Six (6): The Amount of Fees Previously Paid To Counsel By Each Party:

Plaintiff has paid [her] counsel . . . in the amount of $37,837[]. Defendant incurred no fees for the divorce process as a result of his self-representation.

###### vi. Factor Seven (7): The Results Obtained:

After a brief day of trial, the parties entered into a term sheet previously marked by the [c]ourt as J-1 and were divorced by way of the February 15, 2018 [u]ncontested [h]earing.

###### vii. Factor Eight (8): The Degree to Which Fees Were Incurred To Enforce Existing Orders Or to Compel Discovery:

Plaintiff incurred counsel fees in connection with her June 17, 2017 [n]otice of [m]otion relating to payment of her unallocated support and to compel discovery. Likewise, [p]laintiff incurred counsel fees in connection with the preparation of the [a]mended [d]ual [f]inal [j]udgment of [d]ivorce to compel [d]efendant's timely payment of alimony _via_ wage garnishment and to effectuate equitable distribution.

###### viii. Factor Nine (9): Any Other Factors Bearing On The Fairness Of An Award:

The [c]ourt does not find that any other factors bear on the fairness of the award.

After addressing the RPC 1.5(a) factors, the judge made the following findings in the conclusion section of the opinion: "As the [c]ourt understands it, the fees and costs of plaintiff incurred in this matter total $80,694.34. The

7

[c]ourt will simultaneously, with these reasons, enter an order requiring [d]efendant to pay $40,000[] in fees to [p]laintiff as a result of the factors set forth above."

On appeal, defendant argues the counsel fee award was unsupported by the record. He challenges the judge's findings that: 1) defendant reduced his earnings during the divorce; 2) defendant threatened plaintiff economically during the divorce; and 3) defendant's self-represented status prolonged the litigation. Defendant argues the findings regarding the quantum of plaintiff's fees were unreasonable because plaintiff sought post-judgment fees, plaintiff caused the incurrence of fees by constantly emailing her attorneys, and the amount of time counsel billed was unreasonable. Defendant argues the court punished him for being self-represented and mechanistically calculated fees by awarding a sum approximating one-half of the fees incurred without critically analyzing plaintiff's counsel's billing statements. He asserts no counsel fees should have been awarded because the Rule 5:3-5(c) factors did not weigh in plaintiff's favor.

"The assessment of counsel fees is discretionary." Slutsky v. Slutsky, 451 N.J. Super. 332, 365 (App. Div. 2017) (citations omitted). As a result, we review such determinations for an abuse of discretion. Ibid. In this context, an abuse

of discretion may arise when the trial judge has not considered and applied the Rule 5:3-5(c) factors or made inadequate findings to support the award. <u>Clarke v. Clarke ex rel. Costine</u>, 359 N.J. Super. 562, 572 (App. Div. 2003).

In <u>Chestone v. Chestone</u>, we stated:

> Where a party, by virtue of his or her need, seeks to compel the other party to pay all or part of counsel fees incurred, only those fees that represent reasonable compensation for such legal services performed and were reasonably necessary in the prosecution or defense of the litigation may be awarded. While the initial focus may appropriately be directed to the time expended in pursuing the litigation, that is only one of the factors to be considered. The fee should not be fixed simply by taking the total time assertedly expended by counsel and by multiplying the total number of hours by the charges fixed in a retainer agreement made between the requesting party and counsel, to which charges the adverse party never consented or agreed. In reviewing the requested allowance, the judge must critically review the nature and extent of the services rendered, the complexity and difficulty of the issues determined, and the reasonableness and necessity of the time spent by counsel in rendering the legal services.
>
> [322 N.J. Super. 250, 257 (App. Div. 1999) (citations omitted).]

Here, although the trial judge addressed the <u>Rule</u> 5:3-5(c) factors, her findings lack an explanation of which factors favored the counsel fee award, and the "critical[] review" of counsel's billing statements we required in <u>Chestone</u> to

9

explain how the judge arrived at the $40,000 amount.  See ibid.  Although the judge recited facts under each applicable Rule 5:3-5(c) factor, the recitation of facts without stating which party they favored hampers our ability to review the determination.

For these reasons, we vacate and remand the determination for further findings.  We hasten to add that our decision should not be read to criticize the quantum of the award.  Rather, if the judge awards counsel fees, she must explain how she calculated the figure to enable us to conduct a meaningful review of the decision.  R.M. v. Sup. Ct. of N.J., 190 N.J. 1, 12 (2007); see also R. 1:7-4(a).

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION