**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3357-20

L.G.,

    Plaintiff-Respondent,

v.

M.A.A.,

    Defendant-Appellant.

_____

Argued June 1, 2022 – Decided August 2, 2022

Before Judges Fisher, DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1553-19.

Veronica R. Norgaard argued the cause for appellant (Gomperts Penza McDermott & Von Ellen, LLC, attorneys; Lisa M. Regan and Veronica R. Norgaard, of counsel and on the briefs).

Edward A. Berger argued the cause for respondent.

PER CURIAM

Defendant M.A.A.[1] appeals the Family Part's denial of certain aspects of his motion for post-judgment relief.  Among other things, defendant moved to: compel renewal of his daughter J.A.'s[2] passport and take her to visit Egypt; secure additional parenting time; and enforce other aspects of the matrimonial property settlement agreement between the parties.  Plaintiff objected, and cross-moved for certain relief.  The Family Part denied defendant's motion to travel with his daughter to Egypt as well as his motion to increase parenting time.  The court granted other aspects of defendant's motion as well as plaintiff's cross-motion, but it denied counsel fees to both parties. We affirm.

## I.

The parties were married on August 26, 2012.  There was one child born of the parties' marriage, J.A., who is now nine years old.  The parties entered into a property settlement agreement (PSA), and a Consent Order as to Custody and Parenting Time (Consent Order), both dated May 30, 2019.  A Final Judgment of Divorce (FJOD) was entered on August 19, 2019, incorporating the PSA and the Consent Order.  Under the terms of the Consent Order, the parties share joint legal custody of J.A., with plaintiff as the parent

---

[1] We use initials to protect privacy interests and preserve confidentiality in accordance with Rule 1:38–3.

A-3357-20

of primary residence. The parenting time schedule shows defendant has J.A. on alternate weekends and Wednesday evenings. The Consent Order also contains provisions for parenting time on holidays, spring break and summer vacation.

The Consent Order governs each parent's travel with J.A.. The relevant language reads as follows:

> 32. If [J.A.] is taken on vacation by either parent, that parent shall be obligated to advise the other parent of the following information, via email or some other written form, within seven (7) days prior to the date of the trip: (1) Destination; (2) Departure Date; (3) Return Date; (4) Mode of [T]ransportation; (5) Exact addresses and phone numbers where they can be reached during the trip; and (6) any other key information.
>
> 33. Both parties agree to execute or deliver any instrument, furnish any information, or perform any other act reasonably necessary to carry out the provisions of this Order without undue delay or expense.

After defendant's attempts to travel to Egypt with J.A. in 2020 were unsuccessful, due in large part to the COVID-19 pandemic, he sought plaintiff's cooperation to update J.A.'s passport to allow the child to travel to Egypt in 2021. Plaintiff declined, telling defendant she did not want J.A. to travel to Egypt at that time, citing the ongoing pandemic.

Defendant filed a motion on April 27, 2021, seeking, among other things, an order: compelling renewal of J.A.'s passport to facilitate international travel; scheduling certain dates for defendant and J.A. to travel together to Egypt; modifying the Consent Order to create additional parenting time for defendant; and enforcing the terms of the PSA relating to odd and even year tax deductions by the parties. Plaintiff opposed the application and filed a cross-motion seeking costs for defendant's excess-mileage charges on a vehicle leased by her but operated by defendant and awarded to him under the terms of the PSA. Each party made application for counsel fees.

The court considered the papers and heard argument. It granted plaintiff's cross-motion to compel defendant to reimburse her $2,181 in excess-mileage charges. The court found that plaintiff, as part of her home refinance, had paid the vehicle charge, but also found that defendant regularly operated the vehicle and knew he had exceeded the mileage allowance. Next, the court found plaintiff improperly claimed J.A. on her 2020 tax return in violation of the PSA. The court ordered plaintiff to file an amended 2020 tax return within fourteen days of its order. The court directed that the parties follow the PSA, which called for plaintiff to claim their daughter in odd years and defendant to claim their daughter in even years.

A-3357-20

The court next denied defendant's parenting time application, finding that he failed to show changed circumstances sufficient to modify parenting time. The court found defendant provided "nothing" in the way of substantive proofs in his moving papers.

Finally, the court rejected defendant's motion to compel renewal of J.A.'s passport and take her to Egypt. The court found the PSA contained language contemplating the parties' international travel with their daughter. However, the court took judicial notice of the extant federal CDC guidelines and found that the CDC recommended no travel to Egypt for unvaccinated persons due to the COVID-19 pandemic. Observing that J.A. was too young to receive any of the COVID-19 vaccinations available at the time, the court denied defendant's motion without prejudice. The court left open the possibility for defendant to file a motion to travel to Egypt with his daughter when "there may be a different situation."

The court denied counsel fees to both plaintiff and defendant, finding "violations on both sides of the aisle," with plaintiff improperly taking the 2020 child tax deduction and defendant not being candid with the court regarding the leased vehicle overcharge.

A-3357-20

Defendant appealed, contending the court erred by: denying his application to compel update of J.A.'s passport as well as their travel together to Egypt in 2021; finding no changed circumstances warranting a modification of existing parenting time; and denying him counsel fees.

II.

A.

Our Supreme Court has routinely recognized the Family Part's "special jurisdiction and expertise in family matters."  Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)); see also Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016) (recognizing "review of the Family Part's determinations regarding child support is limited"). Thus, we defer to the Family Part's factual findings and decision absent an abuse of discretion, i.e.: (1) its "findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice, '" Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)); (2) the court failed to consider all controlling legal principles, Gotlib v. Gotlib, 399 N.J.

Super. 295, 309 (App. Div. 2008); or (3) the court entered an order that lacks evidential support, MacKinnon v. MacKinnon, 191 N.J. 240, 254 (2007).

A Family Part's "legal conclusions, and the application of those conclusions to the facts," however, are reviewed de novo. Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013); see also Quinn v. Quinn, 225 N.J. 34, 45 (2016) (noting traditional contract principles apply to the Family Part 's contract interpretation of a parties' PSA); Kieffer v. Best Buy, Inc., 205 N.J. 213, 222-23 (2011) (noting the interpretation of a contract is an issue of law that an appellate court reviews de novo).

## B.

A parent seeking to modify a parenting time schedule "bear[s] the threshold burden of showing changed circumstances which would affect the welfare of the children." Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993) (citing Sheehan v. Sheehan, 51 N.J. Super. 276, 287 (App. Div. 1958)). Changed circumstances are evaluated based on those existing at the time the prior parenting time order was entered. See Donnelly v. Donnelly, 405 N.J. Super. 117, 127-28 (App. Div. 2009). Upon such a showing, the court may hold a plenary hearing to resolve genuine issues of material fact.

7

Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)). See also R. 5:8-6.

## III.

## A.

Defendant first alleges that the trial court abused its discretion by denying his application to compel J.A.'s passport renewal and travel to Egypt. We are not persuaded. The trial court clearly stated its reasons on the record, and it pointed out that the order was without prejudice. We disagree with the notion that the court somehow "re-wrote" the PSA the parties negotiated for themselves when it denied defendant's motion to travel. Paragraph thirty-two of the PSA contemplates notice being given by the traveling parent to the non-traveling parent of prospective trip details. Paragraph thirty-two lists the first trip detail as "Destination." Plaintiff had a right under the PSA to know where defendant intended to take J.A., and the record shows that when she learned the destination was Egypt, she raised appropriate concerns in light of the unprecedented global COVID-19 pandemic, which by that time had taken countless lives, in the United States and internationally. The court properly exercised its discretion when it considered J.A.'s age, her ineligibility to be vaccinated, and Egypt's status as a country unsafe at that time for unvaccinated

A-3357-20

persons in its decision to deny relief. We discern no error in the court's decision, which is supported by sufficient evidence in the record.

B.

Defendant argues next that the trial court erred when it denied his application to modify the parenting time agreement spelled out in the Consent Order. The Family Part has substantial discretion in granting or denying applications to modify such orders, and, generally, we will defer to the Family Part's decision on "whether a plenary hearing must be scheduled." Jacoby v. Jacoby, 427 N.J. Super. 109, 123 (App. Div. 2012).

Defendant stated in his certification that at some point after the parties executed the Consent Order in May 2019, he relocated to a residence "two minutes" from plaintiff's home. He also alleged that J.A. wanted to spend more time with him. Curiously, defendant never advised the court of his new address in his certification, nor did he advise the court of when he actually moved. Our review of the record reveals nothing to explain whether defendant moved before or after the FJOD date of August 19, 2019.

We evaluate changed circumstances based on facts existing at the time the prior parenting time order was entered. Donnelly, 405 N.J. Super. at 127-28. The trial court was well within its discretion to deny defendant's parenting

time motion without a plenary hearing where defendant failed to make a prima facie case that such a hearing was necessary.

## C.

An award of counsel fees in matrimonial matters is discretionary. R. 5:3-5(c); Williams v. Williams, 59 N.J. 229, 233 (1971). We will not disturb a counsel fee award absent a showing of "an abuse of discretion involving a clear error in judgment." Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010); Chestone v. Chestone, 322 N.J. Super. 250, 258 (App. Div. 1999). There was no abuse of discretion here, as the record is devoid of evidence showing the trial court made a clear error in judgment. Consequently, we reject defendant's fee argument.

Any of defendant's arguments not addressed here are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3357-20