# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3425-23

J.L.,[1]

    Plaintiff-Respondent,

v.

M.E.M.,

    Defendant-Appellant.

_____

Submitted August 27, 2025 – Decided September 10, 2025

Before Judges Gooden Brown and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-1920-22.

Appellant filed a pro se brief.

Respondent has not filed a brief.

PER CURIAM

---

[1] We refer to the individuals involved in this appeal by initials to protect their privacy. See R. 1:38-3(c)(12).

In this domestic violence case, M.E.M./mother appeals the trial court's award of attorney's fees in favor of J.L./father. M.E.M. contends she did not receive notice for the proceeding at which attorney's fees were awarded, nor did the trial court articulate the basis for the award.[2] Because our review of the record reflects fees were awarded without adequate notice or explanation, we vacate the order and remand for further proceedings.

## I.

We glean the salient facts from the court record. J.L. and M.E.M. engaged in an intimate relationship from which one child was born in July 2020. On June 15, 2022, J.L. filed a complaint against M.E.M., accusing her of physical assault that purportedly occurred during a child visitation exchange on the same day. A municipal court judge issued a temporary restraining order against M.E.M. Following a hearing, a superior court judge entered a final restraining order (FRO) against M.E.M. on July 12, 2022. One week later, counsel for J.L. submitted a certification in support of an award of attorney's fees in the sum of $2,450 for services associated with the domestic violence matter. Several court appearances ensued, but no ruling was made concerning attorney's fees until the parties appeared for a proceeding on February 22, 2023. On that day, the judge

---

[2] Plaintiff did not file a merits brief responding to defendant's appeal.

issued an amended FRO providing, inter alia, that "[p]laintiff's application for legal fees is denied as plaintiff's attorney did not complete the proper certification to obtain counsel fees. Matter will be revisited once plaintiff's attorney completes the correct motion packet."

Thereafter, the parties each filed motions addressing child support, custody, health insurance, visitation, and other forms of relief. On May 31, 2024, both parties appeared before a different superior court judge, who had "inherited" the case from the original judge.[3] J.L. appeared with counsel; M.E.M. was self-represented. The May 31 hearing primarily addressed issues raised in the motions, including child support, custody, health insurance, and visitation. At the hearing's conclusion, counsel for J.L. renewed his request for attorney's fees. The judge reserved decision on the record, later issuing an order reading in pertinent part, ". . . the court declines the request for counsel fees, with the expectation that the father shall bear his own respective costs and fees."

For reasons unclear from the limited record available, on June 13, the original judge assigned to the case issued an amended order. Noting that

---

[3] We have reviewed an audio recording of the May 31 proceeding provided by the clerk's office. We quote from that recording the characterization voiced by the judge.

"defendant was not present," the order amended the May 31 order "to reflect that [plaintiff]'s motion seeking counsel fees was granted in the amount of $2,450." No explanation was provided for the outcome directly contrary to the order emanating two weeks before; neither did the judge provide an analysis of applicable standards to be considered in awarding attorney's fees.

## II.

An assessment of attorney's fees is left to the sound discretion of the trial court, Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003), and is reviewed by this court under an abuse of discretion standard, Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). Generally, an award of fees is not disturbed unless the award was "so wide of the mark as to constitute a mistaken exercise of discretion." Chestone v. Chestone, 322 N.J. Super. 250, 258 (App. Div. 1999).

In considering an application for counsel fees, the trial court should assess:

> (1) The financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results

4

obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of the award.

[R. 5:3-5(c).]

Also pertinent are the criteria set forth under Rule 4:42-9(b) and R.P.C. 1.5. As long as there is support for its determination, the trial court's factual findings will not be disturbed, whether or not every factor is discussed. See Reese v. Weis, 430 N.J. Super. 552, 586 (App. Div. 2013) (upholding the trial court's award of attorney's fees because, although not every factor was specifically addressed, "the judge recited the support for her determination").

The prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, explicitly authorizes courts to award "reasonable attorney's fees" to victims. N.J.S.A. 2C:25-29(b)(4). The statute reads in pertinent part:

> (b) In proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse . . . At the hearing the judge of the Family Part of the Chancery Division of the Superior Court may issue an order granting any or all of the following relief:
>
> . . . .
>
> (4) An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence . . . [c]ompensatory losses shall include, but not be limited to . . . reasonable attorney's fees . . . .

A-3425-23

[N.J.S.A. 2C:25-29(b)(4) (emphasis added).]

Here, however, we do not have the benefit of a record from which we might discern the reason for facially contradictory orders concerning the award of attorney's fees. Without the benefit of findings of fact and conclusions of law made with reference to the applicable criteria under our Court Rules, we are constrained to set aside the fee award in this case. See R. 1:7-4(a). Accordingly, we remand this matter to the trial court so it can hear argument on whether attorney's fees should be awarded, rendering a decision that references applicable legal principles. Toward this end, we direct that the matter be re-scheduled for hearing within forty-five days of receipt of this opinion. To ensure both sides are present, the clerk shall issue notices to both parties and counsel via regular mail and email.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3425-23