**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1751-24

JUAN G. GHERARDY,

    Plaintiff-Respondent,

v.

CATHERINE GREER,

    Defendant-Appellant.

_____

Submitted November 13, 2025 – Decided December 1, 2025

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1217-14.

Frasilie Stinvil (Stinvil Law PLLC), attorney for appellant.

Jardim, Meisner, Salmon, Sprague & Susser, PC, attorneys for respondent (Jessica R. Sprague, on the brief).

PER CURIAM

Defendant Catherine Greer appeals from a January 3, 2025 order permitting plaintiff Juan G. Gherardy to file an application for an award of counsel fees and costs. Additionally, defendant appeals from a February 12, 2025 order awarding $6,532.50 in counsel fees and costs to plaintiff's counsel. For the following reasons, we vacate and remand the matter to the Family Part judge.

We limit our recitation of the facts to the issues relevant on appeal. The parties, who divorced in 2008, share custody of their son, Jakob. The divorce incorporated the parties' written marital settlement agreement. At the time of the divorce, Jakob lived with defendant in New Jersey. In 2023, Jakob went to live with plaintiff in California.

As a result of Jakob relocating to California, plaintiff and defendant attempted to negotiate a consent order modifying the parties' marital settlement agreement regarding the change in custody and plaintiff's child support obligation. During the negotiations, plaintiff continued to pay child support pursuant to the marital settlement agreement. Initially, defendant reimbursed plaintiff for child support payments made between February 16 and April 1, 2023 because Jakob no longer lived with her. After April 1, 2023, defendant ceased returning child support payments to plaintiff.

A-1751-24

The parties were unable to negotiate a mutually acceptable consent order modifying their marital settlement agreement. The proposed consent order would have terminated plaintiff's child support obligation as of April 1, 2023 and directed defendant to return any payments she received after that date. However, plaintiff objected to the consent order as drafted because it failed to compel defendant's payment of child support. Through their respective attorneys, the parties spent nearly a year attempting to finalize a consent order modifying the marital settlement agreement. According to plaintiff, the negotiations regarding the proposed consent order failed because defendant declined to provide the financial information necessary to calculate her child support obligation. The parties never signed a consent order modifying their marital settlement agreement.

Nearly a year and a half after Jakob moved to California, plaintiff filed a motion for the following relief: terminating his child support obligation; reimbursing his child support overpayments; compelling defendant's payment of child support to plaintiff; and awarding $4,830 in counsel fees and costs for the motion. Defendant opposed the motion, arguing she complied with the statute governing payment of child support because a child support obligation could be

A-1751-24

suspended or terminated only as of the date of the filing of a proper motion under N.J.S.A. 2A:17-56.23a.

The Family Part judge granted plaintiff's motion in its entirety. She concluded there was "absolutely . . . no reason for [defendant] to keep that money" under the idiosyncratic facts in this case. The judge noted the draft consent order recognized defendant was no longer entitled to plaintiff's payment of child support after Jakob moved to California. Further, the judge explained the proposed consent order reflected defendant's acknowledgement of her obligation to return any child support payments made by plaintiff after April 1, 2023. Because defendant knew she was receiving child support to which she was not entitled, the judge concluded it was "extremely unreasonable" for defendant to have kept the child support payments for a child that did not reside with her "for a significant amount of time." Regarding plaintiff's application for counsel fees and costs, the judge directed plaintiff's counsel to submit an updated certification of legal services.

Plaintiff's counsel provided an updated certification requesting $6,982.50 in attorney's fees and costs. Defendant objected to any award of counsel fees or costs. She argued the delay in reimbursing plaintiff was the result of the failure to reach a mutually agreed upon consent order, the lack of any order terminating

4

plaintiff's child support payment obligation, and N.J.S.A. 2A:17-56.23a, which precludes retroactive modification of child support.

In a February 12, 2025 order, the Family Part judge ordered defendant to pay $6,532.50 to plaintiff's attorney. The judge attached a two-page statement of reasons in support of the amount awarded. However, the judge's statement of reasons omitted analysis of the fee award under Rule 5:3-5(c).

On appeal, defendant argues the Family Part judge erred "in finding bad faith without applying the required factors under Rule 5:3-5(c) and New Jersey case law." She further claims the judge "improperly equated a legal dispute over retroactivity with litigation misconduct." Additionally, defendant asserts the fee award was punitive.

Rule 4:42-9(a)(1) allows counsel fee awards in family actions. "[T]he award of counsel fees and costs in matrimonial actions rests in the sound discretion of the trial court." Bisbing v. Bisbing, 468 N.J. Super. 112, 121 (App. Div. 2021) (citing Williams v. Williams, 59 N.J. 229, 233 (1971)). We will not disturb a trial court's determination on counsel fees "absent a showing of 'an abuse of discretion involving a clear error of judgment.'" Steele v. Steele, 467 N.J. Super. 414, 444 (App. Div. 2021) (quoting Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010)). "An abuse of discretion occurs when a trial

court makes 'findings inconsistent with or unsupported by competent evidence,' utilizes 'irrelevant or inappropriate factors,' or 'fail[s] to consider controlling legal principles.'"  Ibid. (alteration in original) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015)).  "An abuse of discretion is also demonstrated if the court fails to consider 'all relevant factors.'"  Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).  Where the case law, statutes, and rules are followed, and the judge renders appropriate findings of fact, a fee determination is entitled to deference.  Yueh v. Yueh, 329 N.J. Super. 447, 464-66 (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2026).

"Rule 4:42-9 permits an award of fees in a family action.  Such fees may be awarded based on a weighing of the factors set forth in Rule 5:3-5(c)." Bisbing, 468 N.J. Super. at 121.  "[T]he court shall determine the appropriate [counsel fee] award . . . [after] consider[ing] the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party."  N.J.S.A. 2A:34-23.  The judge must also consider the mandates under Rule of Professional Conduct 1.5(a)(1)-(8) regarding the reasonableness of any fee award.  See Chestone v. Chestone, 322 N.J. Super. 250, 256 (App.

Div. 1999) (noting counsel fee awards must address [] the factors enumerated by Rules of Professional Conduct 1.5(a)).

Rule 5:3-5(c) sets forth the factors to be analyzed in deciding whether to award attorney's fees. The factors require the judge to consider the following:

> (1) the financial circumstances of the parties;
>
> (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;
>
> (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;
>
> (4) the extent of the fees incurred by both parties;
>
> (5) any fees previously awarded;
>
> (6) the amount of fees previously paid to counsel by each party;
>
> (7) the results obtained;
>
> (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and
>
> (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

Here, the judge's February 12, 2025 order and attached statement of reasons omitted analysis of the Rule 5:3-5(c) factors. Thus, we are constrained to remand to the Family Part to consider the factors under Rule 5:3-5(c) in

7

determining whether plaintiff is entitled to an award of attorney's fees and costs. We take no position on the outcome of the remand.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division